PLANTERS' BANK OF FORT VALLEY, plaintiff in error, *vs.* JOHN A. HOUSER, defendant in error.

1. Where an indorser of a promissory note stipulates with the payee thereof, that he indorses the same with the distinct understanding that the payee is not to proceed against him until he has first exhausted all the property of the principal, which is covered by a mortgage made by the principal to the payee at the same time that the note is made and indorsed, the said stipulation being in writing, though not on the note, and the contest being between the payee of the note and the indorser:

*Held*, that the payee of the note cannot proceed by suit against such indorser until he has first exhausted the property covered by the mortgage, and a plea setting forth the above facts and sustained by the proof, will suspend the plaintiff's right to sue the indorser until the mortgaged property has been exhausted.

2. A stipulation *not to proceed* against a party is an agreement not to sue.

3. Notice to sue the principal given by the indorser, even if in legal form, is not notice to sue the indorser himself, and does not estop the indorser from setting up the defense that he is liable only after the mortgaged property is exhausted.

Indorsement. Negotiable instruments. Contracts. Notice. Estoppel. Before Judge CLARK. Houston Superior Court. November Adjourned Term, 1875.

Reported in the opinion.

DUNCAN & MILLER; HALL, LOFTON & BARTLETT; B. S. DAVIS, for plaintiff in error.

W. S. WALLACE; W. A. HAWKINS, for defendant.

JACKSON, Judge.

The bank sued Houser, as indorser, on two notes amounting to more than $10,000 00. Houser pleaded that at the same time that he indorsed the notes the principal debtor gave a mortgage on a large amount of property to the bank, and that the bank agreed in writing, in consideration of his, Houser's, indorsing the notes, to exhaust all their remedy on the mortgage "*before proceeding against Houser;*" yet, that they had sued him and had not exhausted their remedy against the

The Planters' Bank of Fort Valley *vs.* Houser.

mortgaged property, or proceeded against it at all to condemnation. It was admitted that this was so. The court held the plea good, and dismissed the action so far as respects the indorser; the bank excepted, and the whole question is, was the plea of defendant good ?

1. There can be no doubt that the indorser could limit his liability by expressing the limit upon the note; but in this case the limitaton was expressed in writing, but on a separate piece of paper, and the question made is, does the Code, section 2777, which authorizes the limitation of the indorsement of negotiable instruments "by express restrictions therein," by the indorser, confine the indorser to that mode, or may he do so on a different paper at the same time he indorses, and may he plead that fact in bar or suspension of the suit until the restriction has been complied with? The object of the requisition in the Code is, we think, to protect negotiable paper in the hands of holders other than the payee, but this is a suit between the payee and indorser. The payee knew all about the contract just as well as if it had been upon the note, and as, at the very time that the indorser indorsed the note, the payee stipulated not to proceed against him till he had exhausted other remedies, we do not think that, as between the parties to the contract, the implied restriction upon limitations of liability of indorsers in section 2777th of the Code, will apply. We think, two, that this case is distinguishable from 4 *Georgia Reports*, 185, and perhaps other cases where, subsequently to the main contract, an agreement is made not to sue until a certain time. Here the condition of the indorsement is that the indorser shall not be proceeded against; it is part and parcel—it is of the very essence of the original agreement; if put on the note, the defense would be clear; and between the contracting parties it can make no difference in principle that it was not put on the note, but was a part of the contract of indorsement expressed in another writing. In the hands of an innocent holder, without notice, it might be quite different.

2, 3. We see nothing in Houser's notice to sue the princi-

pal to prevent his setting up this defense.    Independently of any defect in the form of the notice, notice to sue the principal is not a demand to sue the indorser.    We need hardly add that to sue a man is certainly to proceed against him, and that when the bank sued it violated the agreement.

Judgment affirmed.