BOEHM, BENDHEIM & COMPANY *vs.* JUCHTER.

1. The evidence being conflicting, a new trial was properly refused.
2. Newly discovered evidence, which could have been had before trial by the use of ordinary diligence, is not ground of new trial.

New trial.  Verdict.  Before Judge TOMPKINS.  Chatham Superior Court.  May Term, 1868.

To the report contained in the decision it is only neces-

sary to add, that one of the grounds of the motion for new trial was newly discovered evidence, consisting of entries on plaintiffs' books not previously discovered.

B. A. DENMARK; J. R. SAUSSY, for plaintiffs in error.

R. R. RICHARDS, for defendant.

WARNER, Chief Justice.

This case came before the court below on an issue formed upon an affidavit of illegality to a *fi. fa.* issued on the foreclosure of a mortgage of personal property. On the trial of the case the jury, under charge of the court, found a verdict in favor of the defendant. A motion was made for a new trial on the grounds therein stated, which was overruled, and the plaintiff excepted.

1. It appears from the evidence in the record, that the defendant had been a clerk for the plaintiffs, and had served them faithfully during the yellow fever epidemic in Savannah, and they advanced him $1,000.00 to enable him to go into business on his own account, for which he gave them his four promissory notes for $250.00 each, dated the 21st of February, 1877, the first note to become due three months after date, the second six months after date, the third nine months after date, and the fourth to become due twelve months after date, with interest at the rate of 12 per cent. per annum, as it appears from the recital in the mortgage which was given by the defendant to the plaintiffs on a stock of goods to secure the payment of said notes, which mortgage was also dated 21st February, 1877, in which it was provided that if the defendant should make default in the payment of any part of the notes when the same became due, that then the plaintiffs might proceed to foreclose the mortgage. It also appears from the evidence, that when the papers were presented to the defendant by the plaintiffs to sign, he declined to do so, saying he could not make the first payment in three months, and required longer

time to make the first payment, and that before the defend-
ant signed the papers, the plaintiffs gave him the following
instrument, in writing : " This is to certify, that if Mr.
Henry Juchter cannot meet his note of $250.00, due three
months after February 21st, 1877, we shall renew the same
for one year, providing the balance of the notes are met at
maturity. Savannah, February 23d, 1877. (Signed) Boehm,
Bendheim & Co." The plaintiffs foreclosed the mortgage
on the first note on the 17th of January, 1878, when the
defendant filed his affidavit of illegality to the mortgage *fi.
fa.*, alleging that the first note was not due at the time of
the foreclosure of the mortgage, and that was the issue sub-
mitted to the jury for trial, the other two notes, due at six
and nine months, having been promptly paid by defendant
at maturity. The evidence as to whether the paper signed
by the plaintiffs was executed and delivered on the same
day as the other papers, was conflicting, though dated on a
different day, but the jury have found by their verdict that
it was, and therefore became a part of the contract between
the parties. 57 *Ga.*, 141. In view of the evidence con-
tained in the record, we find no material error in the charge
of the court to the jury, and as they thought proper to be-
lieve the evidence for the defendant, in preference to that of
the plaintiffs, as it was their privilege to do, we will not in-
terfere with their verdict.

2. As to the newly discovered evidence, it was on the
plaintiffs' own books, and in their possession, and proper
diligence would have enabled them to have discovered it,
inasmuch as it related to the transaction to be investigated
at the trial of the case. There was no error in overruling
the plaintiffs' motion for a new trial.

Let the judgment of the court below be affirmed.