15963.   CORLEY *v.* CAROLINA PORTLAND CEMENT COMPANY.

BROYLES, C. J.   1.   It is well settled by repeated rulings of the Supreme Court and of this court, that an assignment of error upon the refusal to award a nonsuit will not be considered, where thereafter the case proceeded to a verdict in favor of the plaintiff, and the defendant's motion for a new trial (to the overruling of which exception is taken) includes the ground that the verdict was contrary to the evidence and without evidence to support it.

2.   Under the facts of the case and the rulings in *Wight* v. *Hester,* 24 *Ga.* 485 (4); *Boehm* v. *Juchter,* 62 *Ga.* 580 (2), 583 (2); *Wimpy* v. *Gaskill,* 79 *Ga.* 620 (2) (7 S. E. 156); *Nixon* v. *Christie,* 84 *Ga.* 469 (10 S. E. 1087), and *Burge* v. *State,* 133 *Ga.* 431 (2), 432 (66 S. E. 243), the court did not err in overruling the ground of the motion for a new trial which was based upon alleged newly discovered evidence.

3.   The judge tried the case without the intervention of a jury, and the judgment rendered in favor of the plaintiff was authorized under the law and the evidence.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
>
> DECIDED DECEMBER 9, 1924.

Complaint; from city court of Greenville—Judge Revill. September 19, 1924.

*Jones & Jones,* for plaintiff in error.

*J. P. Atkinson,* contra.

---

15964.   HEAD *v.* JORDAN.

LUKE, J.   The only assignment of error in this case being upon the judgment striking the defendant's plea and answer, and it not appearing that any final judgment below has been rendered, this court is without jurisdiction to entertain the case, and the writ of error is therefore dismissed.   Civil Code (1910), § 6138; *Neal-Blun Co.* v. *Zeigler,* 11 *Ga. App.* 273 (75 S. E. 142); *Farmer* v. *White Sewing Machine Co.,* 29 *Ga. App.* 657 (116 S. E. 224), and cases cited.

> *Writ of error dismissed. Broyles, C. J., and Bloodworth, J., concur.*
>
> DECIDED DECEMBER 9, 1924.

Complaint; from city court of Polk county—Judge Tison. September 29, 1924.

*Mundy & Watkins,* for plaintiff in error.

*John K. Davis,* contra.