23243. LYNCH, executrix, el al. v. NATIONS.

DECIDED FEBRUARY 17, 1934.

Robert B. Blackburn, for plaintiffs in error.

McMillan & Erwin, Pearce Matthews, contra.

MacINTYRE, J. This was a suit on notes. There were separate pleas in abatement filed by the defendants. The case was submitted to the court for decision upon an agreed statement of facts, without the intervention of a jury. After hearing, the trial judge struck the pleas in abatement. The record does not disclose that any final judgment was ever rendered in favor of the plaintiff on the notes sued on. The defendants sued out a writ of error and in the bill of exceptions assigned error only upon the judgment striking the pleas in abatement, and not upon any final judgment on the notes. The defendant in error moved to dismiss the bill of exceptions, upon the ground that there was no assignment of error therein upon a final judgment in favor of the plaintiff against the defendants, and that the assignment of error upon the striking of the pleas in abatement was not such a judgment .as would authorize the defendants to except directly thereto.

1. Where the sole assignment of error is upon a judgment striking a defendant's plea in abatement, and it does not appear from the record that any final judgment was entered in favor of the plaintiff, a writ of error will not lie; and where such a case is brought to this court, it is premature, and this court is without jurisdiction. Moore v. Prudential Ins. Co., 23 Ga. App. 566 (126 S. E. 856); Head v. Jordan, 33 Ga. App. 170 (125 S. E. 733); Pierce v. Felts, 23 Ga. App. 665 (99 S. E. 139); Highlower v. State, 22 Ga. App. 276 (95 S. E. 873); Bozeman v. Ward-Truitt Co., 141 Ga. 45 (80 S. E. 320). This is true although the necessary effect of a judgment sustaining the plea would have been to entitle the defendant to a judgment dismissing the case as a matter of course. English

v. *Rosenkrantz,* 150 *Ga.* 745 (105 S. E. 292); *Goodrich* v. *Mills,* 28 *Ga. App.* 626 (112 S. E. 655).

2. "When in a given case it should have been obvious that the writ of error was premature," this court will not permit the bill of exceptions to be withdrawn and filed in the court below as exceptions pendente lite. *United Glass Co.* v. *McConnell,* 110 *Ga.* 616 (2) (36 S. E. 58). "The question is neither an open one nor a doubtful one" that an order striking a plea is not a final judgment, and a writ of error therefrom will not lie. That such a judgment was not a final one has been said to be "too clear to admit of doubt." *Denmark* v. *State,* 41 *Ga. App.* 470 (153 S. E. 430); *Jackson* v. *Yancey Tractor Co.,* 47 *Ga. App.* 271 (4) (170 S. E. 320).

3. Under the above-stated rulings and the facts of the instant case the writ of error must be and is

*Dismissed. Broyles, C. J., and Guerry, J., concur.*