### VAN ORMER *v.* HARRIS *et al.*

BELL, Justice. The bill of exceptions as brought by the plaintiff assigns error only upon an order overruling the plaintiff's demurrer to the defendants' plea in abatement. The judgment overruling the demurrer was not a final judgment, nor would a judgment sustaining the demurrer, as sought by the plaintiff, have been a final disposition of the case. Code, § 6-701; *Bozeman* v. *Ward-Truitt Co.*, 141 Ga. 45 (80 S. E. 320); *Johnson* v. *Merchants & Farmers Bank*, 141 Ga. 721 (81 S. E. 873); *City of Tallapoosa* v. *Brock*, 143 Ga. 599 (2) (85 S. E. 755); *Western & Atlantic Railroad Co.* v. *Williams*, 146 Ga. 27 (90 S. E. 478). It follows that the bill of exceptions is premature, and must be dismissed. While no motion to dismiss has been made, it is the duty of this court to take notice of its own lack of jurisdiction; and the failure to assign error upon a final judgment is a defect relating to jurisdiction. *Gilbert* v. *Tippens*, 183 Ga. 497 (188 S. E. 699); *Lynch* v. *Nations*, 48 Ga. App. 549 (173 S. E. 203).

*Writ of error dismissed. All the Justices concur.*

No. 11677. APRIL 15, 1937. REHEARING DENIED MAY 15, 1937.

*Etheridge, Belser & Etheridge,* for plaintiff.

*Spalding, Sibley, Troutman & Brock, Harvey Hill,* and *Charles G. Bruce,* for defendants.