### 38816. JONES v. MOOREHEAD.

CARLISLE, Presiding Judge. The instant case was an appeal to the superior court from the Court of Ordinary of Hall County, Georgia. The defendant in error applied to the ordinary to have set aside to him a private way over the lands of the plaintiff in error. The defendant in that action filed a plea in abatement in which he alleged that the plaintiff had instituted another action in the superior court to enjoin the obstruction of an existing private way; that the two actions were for the same purpose; that the plaintiff had dismissed the case in the superior court without paying the costs thereof, and that the action in the ordinary's court should for

that reason be abated. The ordinary overruled that plea and appointed commissioners to lay out the private way sought by the plaintiff. The defendant appealed to the superior court. The judge of the superior court entered an order on the appeal which recited that "the within plea in abatement is overruled and the prayers [of the appellant] denied." The assignment here is to "the action of the court in dismissing the plea in abatement."

"No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto . . ." *Code Ann.* § 6-701. The assignment of error in this case presents the sole question as to the propriety of the judgment overruling the plea in abatement, and there is no assignment of error on any final judgment. The judgment excepted to was not a final judgment in the case, and it would not have been final if it had been rendered as contended by the plaintiff in error. *Lynch v. Nations,* 48 Ga. App. 549 (173 S. E. 203); *Commercial Nat. Bank of Cedartown v. Chapman,* 209 Ga. 152 (71 S. E. 2d 425). The writ of error is, therefore, premature and must be dismissed.

*Writ of error dismissed. Nichols and Eberhardt, JJ., concur.*

DECIDED MAY 2, 1961.

*Robert J. Reed,* for plaintiff in error.
*C. Winfred Smith,* contra.