Mays and Shivers vs. Taylor.

No. 46.—ROBERT C. MAYS and JOSEPH H. SHIVERS, plaintiffs in error, vs. THOMAS C. TAYLOR, defendant.

[1.] Where a plaintiff in execution resides in one County, and directs a levy to be made on personal property of the defendant who resides in a different County, and a levy is accordingly made by the Sheriff of the County in which the defendant resides, the fact of such levy, without more, is not sufficient to give a Court of Equity jurisdiction of the person of the plaintiff, and compel him to litigate his rights in the County where such levy may be made.

[2.] When a bill is filed against a defendant, and he objects to the jurisdiction of the Court as to his person, he must make the objection the *first opportunity;* for if he submits to the jurisdiction and litigates his rights upon the merits of the cause, his objection to the jurisdiction will be overruled.

[3.] Where a Court of Equity acquires jurisdiction of a cause for one purpose, it will retain it generally, to grant the relief to which the complainant is entitled, although the party may have a remedy at Law.

[4.] Where a suit was pending on a note between M and T & C, and T was about to file the plea of usury, and it was agreed between M and T, that if T would withdraw his plea of usury, and let judgment be rendered against T & C, that M would not collect the judgment out of T until he had exhausted all the property of C, and M failed to comply with his agreement: *Held,* that the *breach* of the agreement by M, was no ground for a Court of Equity to open and impeach the judgment on the ground of usury in the note upon which it was founded.

In Equity, from Pike.    Tried before Judge FLOYD, February Term, 1849.

Robert C. Mays, a citizen of Butts County, obtained judgment against Pleasant M. Compton and Thomas C. Taylor, in Butts Superior Court, at March Term, 1840, for the sum of $846 91, on a note made by Isaac Low, Pleasant M. Compton and Thomas C. Taylor securities. Low was not sued. At the time of the trial there was a special plea filed by Taylor, (which was the only one filed,) that Compton was security for Low, and he, Taylor, security for both Low and Compton on said note. A collateral issue was ordered, tried and found in favor of Compton, or rather against them as *joint* securities. Execution was issued on the judgment in favor of Mays, and he collected one-half of the amount from Compton, and sent the *fi. fa.* to the County of Pike to collect the other half from Taylor. The Sheriff of Pike, Jo-

seph H. Shivers, levied the *fi. fa.* upon certain personal property of Taylor, and after the levy, Taylor filed his bill in Pike Superior Court, charging that Compton had received a large amount of assets, sufficient to pay this debt, before the rendition of the judgment, or the commencement of the suit; that when suit was commenced by Mays, (who knew this fact,) Taylor employed counsel to file a plea of usury, which he was ready to sustain by proof; that in consideration of withholding this plea, Mays agreed that he would not attempt to enforce the judgment against Taylor, until Compton proved insolvent. In consequence of which agreement, the plea was not filed; Mays, however, in violation of his agreement, it was alleged, had failed to enforce his judgment against Compton, who was able to pay it. The bill farther charged fraud and collusion between Mays and Compton to swindle and harrass Taylor. The bill prayed an injunction against Mays until he complied with the agreement.

The answer of Mays denied the agreement and every other equitable circumstance charged, and thereupon the injunction was dissolved, and the *fi. fa.* ordered to proceed.

By a supplemental bill, Taylor alleged that since the dissolution of the injunction, he had paid off the judgment, and prayed that the cause might be heard and the truth of the answer placed in issue, and if found untrue, that the amount paid by him might be refunded, and other relief granted him according to the circumstances.

By a subsequent amendment, the complainant charged that the whole of the judgment was for usurious interest, the principal loan having been paid, and prayed that the judgment be opened and declared satisfied.

There was a confession of judgment for costs, and an appeal. Pending the appeal, the defendant, Mays, filed a plea to the jurisdiction, alleging that he was not, and never had been, a citizen of Pike County, and praying judgment thereon.

Upon the trial, the defendant moved to dismiss the bill, (the plea being admitted to be true,)—

1st. Because the Court had no jurisdiction of the subject matter, or of the person of Mays.

2d. Because P. M. Compton should have been made a party.

3d. Because the allegations of the bill give the complainant a

right of action at Law, and did not constitute any ground for the equitable interposition of a Court of Equity.

4th. Because the case made by the complainant's bill did not entitle him to the relief prayed for.

The Court overruled the motion, and defendant excepted.

The Court charged the Jury, that if the agreement was as alleged, and defendant had violated it, Taylor was entitled to be placed in a situation equally as beneficial to him, that is, to the right to plead the usury.

To which charge defendant excepted.

On these several exceptions error has been assigned.

A. M. D. King and Harman, for plaintiffs in error.

A judgment obtained in a competent tribunal and unreversed, is of force and binding, and a Court of Chancery has no jurisdiction where a levy of the *fi. fa.* obtained on said judgment has been made, so as to let in any defence of which the defendant was aware, and neglected to avail himself of before the rendition of the judgment. 1 *Kelly*, 136.   1 *Hill's Ch. R.* 42.   2 *Kelly*, 275. 3 *Ib.* 74.

2d. A *fi. fa.* levied on personal property in a County other than where the judgment was obtained, and other than where the plaintiff in *fi. fa.* resides, does not give to a Court of Chancery jurisdiction of the person of the non-resident plaintiff in *fi. fa.* so as to grant relief against said non-resident in the County where the levy is made, the injunction having been dissolved. 4 *Ga. Rep.* 571.   The mere fact of the Sheriff being enjoined with him, gives no jurisdiction.   *Story's Eq. Plead.* 231, 232, 262, 323, 570. *Mitford*, 160.   *Coop.* 174, 179.   No privity.   *Story*, 262.

3d. Where a bill is filed in Chancery to let in a defence to a judgment which was omitted to be made at Common Law, all the parties in interest should be made parties to said bill. ·4 *Ga. Rep.* 578.   *Mitford*, 164.   A want of parties may be taken advantage of at the hearing.   *Story's Eq.* 236, 541.   *Cooper*, 33, 185.

4th. Where A sues B & C on a note, and C threatens to plead usury, when A agrees if he will not, to collect all the judgment out of B, or sue him to insolvency before he goes on C, this is not a release of C from the judgment obtained ; the judgment is still valid and binding upon both defendants, and A may, notwith-

Mays and Shivers *vs.* Taylor.

standing the agreement, collect the *fi. fa.* out of C, and C has his remedy against A for his violation of contract, and a Court of Chancery will not grant C any relief against said judgment, but leave him to his Common Law remedy.    4 *Ga. Reps.* 191, *and authorities there cited.*

5th. The defendant in error is not entitled to the relief prayed for in his bill below; all that he would be entitled to would be to have the *fi. fa.* enjoined until all the means of Compton were exhausted.

S. T. Bailey and G. J. Green, for defendant in error.

It is quite clear that the jurisdiction of the Court depends on the state of things at the time of the action brought, and that after vesting it cannot be ousted by subsequent events.    *Per Marshall, in Wallace vs. Torrence,* 9 *Wheat.* 537.    5 *Con. R. U. S.* 666.

After plea in bar, it is too late to plead to the jurisdiction. *Gould's Pl.* §13, *ch.* 5.    3 *J. R.* 105.    7 *J. R.* 373.    1 *Hill's S. C. Reps.* 153.    6 *Bac. Abr.* 186.    6 *How. U. S. R.* 30.

If the defendant appear and plead to the action, it is too late to object, that the Court has not jurisdiction of the person, if it have jurisdiction of the cause of action.    1 *Denio's R.* 91.    3 *Hayes,* 44.

After pleading the general issue, defendant cannot plead in abatement.    2 *N. & Mc.* 588.

Plea to the merits, after plea in abatement is overruled, is a waiver of such overruling.    2 *Stewart,* 443.    An answer in Equity overrules a plea.    *Story's Eq. Pl.* 532, 720.    2 *Daniel's Pr.* 715.    11 *Pet. R.* 351, 393.    1 *Sumner's R.* 506.    *Cooper,* 238, 240.    2 *Madd. Pl.* 238.    1 *Vesey,* 446.    1 *Atk. R.* 544.    7 *Ves.* 254.    1 *P. W.* 476, 477.

*By the Court*—Warner, J. delivering the opinion,.

The main grounds of error assigned to the judgment of the Court below, are—

*First,* that the Court erred in holding that the Superior Court of Pike County had jurisdiction of the *person* of the defendant, who resided in the County of Butts.

*Second,* that the Court erred in deciding that Compton was not a necessary party to the bill.

*Third,* that the Court erred in not dismissing the complainant's bill at the trial term of the cause, on the ground that the complainant had an ample and adequate remedy at Law for the breach of the contract set forth in the bill.

*Fourth,* because the Court erred in deciding that the judgment rendered in the County of Butts might be opened and impeached for *usury,* according to the case made by the complainant.

[1.] First, as to the jurisdiction of the person of the defendant. The judgment was obtained in the County of Butts, and the defendant resides in that County—the execution issuing upon the judgment was levied upon the *personal* property of the complainant in the County of Pike, by the Sheriff of the latter County. The levy of the execution in the County of Pike, upon the personal property of the complainant, is claimed to give the Court jurisdiction of the person of Mays in that County. In *Merchants' Bank vs. Davis,* (3 *Kelly,* 115,) this Court held, that the jurisdiction of the Court attached as to the person of the defendant, where there was a suit pending in the County in which the bill was filed, under our Claim Laws. Here, there is no suit pending, and if the property levied on had been claimed, or an affidavit of illegality filed to the execution, the cause, under our Statutes, would have to be tried in the County of Butts, where the judgment was rendered and the execution issued. The fact that the execution was levied on the property of the complainant, in the County of Pike, by the Sheriff of that County, without more, did not, in our judgment, give the Court in Pike, jurisdiction of the person of the defendant, who resided in the County of Butts, and compel him to litigate his legal rights in that County.

[2.] But it appears from the record, that this suit had been pending for some length of time before the plea as to the jurisdiction was put in. The defendant submitted himself to the jurisdiction of the Court in Pike, filed his answer, and obtained a dissolution of the injunction granted in the cause, without making any objection to the jurisdiction of the Court as to his person. At what precise time the plea to the jurisdiction was filed, the record does not inform us; but it was filed while the cause was pending on the appeal. Mr. Justice *Story* states the rule to be, " Where the defence intended to be made is, that another Court

of Equity has jurisdiction of the case, it should be taken by demurrer, if it appears on the face of the bill, or if it does not appear on the face of the bill, by plea; for in some cases, if the objection is not thus taken, *in limine*, it will not avail the party to insist upon it at the hearing." *Story's Eq. Plead.* 381, §488.

By the 3d Equity rule of practice it is declared, that a plea or demurrer, in part, or to the whole of a bill, shall be filed at the *return term*, and shall be argued during the term, or upon motion, and cause shown at such other time as the Court may direct. This plea to the jurisdiction of the person of the defendant, is in the nature of a plea in abatement at Law, and sound policy dictates, that the party intending to avail himself of it, should do so *in limine*. The defendant, not availing himself of the objection at the first opportunity, but having submitted himself to the jurisdiction of the Court in Pike, and litigated his cause there for some years, the motion to dismiss the bill for want of jurisdiction of the defendant's person, was properly overruled by the Court at the time it was made.

The Court did not err in deciding that Compton was not a necessary party to the bill. The object of the bill was to compel the defendant to execute the agreement, entered into with the complainant, in regard to the collection of the execution. Compton was *no party* to that agreement, and its execution or non-execution could not prejudice *his rights*.

[3.] The third ground of error is, that the Court ought to have dismissed the bill at the hearing, because the complainant had an ample Common Law remedy. The complainant filed his bill in April, 1841, to enjoin the defendant from collecting an execution out of his property, on the ground of a special agreement entered into between them, in substance as follows: Suit was pending in Butts Superior Court, in favor of the defendant, Mays, against Compton and Taylor, the complainant, on a promissory note. Taylor had or was about to file the plea of usury to that suit. Whereupon it was agreed, on the part of Mays, that if Taylor would withdraw his plea of usury, or not file it, and let judgment be rendered against Compton and himself, that when the judgment was so rendered, he, Mays, would not attempt to make the money out of Taylor, until all the means of making it out of Compton should be exhausted. The judgment was rendered, in pursuance of the agreement of the parties, and Mays proceeded

to collect it out of the property of Taylor, without exhausting the property of Compton, who, it is alleged, was able to pay it. The injunction was granted, restraining the collection of the execution out of the property of Taylor. The defendant put in his answer and denied the agreement, and denied all the equity in the bill, and the injunction was dissolved. After Taylor paid the amount due on the execution, he obtained leave to file a supplemental bill, alleging the payment of the execution, and prayed for leave to controvert the answer of the defendant, and have a decree against him to refund the money paid on the execution, with interest thereon.

The bill was farther amended, by alleging usury in the note upon which the judgment was rendered. Replication was filed, and the cause stood on the docket for trial, and when called, the motion to dismiss the bill was made. We think it is quite clear, that in a Court of Law, the plaintiff might have had an adequate remedy against the defendant for a breach of this agreement, in an action for damages; but the Court of Equity originally acquired jurisdiction of the cause for the purpose of granting the injunction to restrain the collection of the execution, and having gained jurisdiction of the cause for that purpose, it may retain it, generally, to grant the relief to which the complainant is entitled, and to prevent a multiplicity of suits. In *Jesus College vs. Bloom*, (3 *Atkyns' Rep.* 262,) Lord *Hardwick* held, that in bills for *injunctions*, the Court will make a complete decree and give the party a satisfaction, and not oblige him to bring an action at Law, as well as a bill in Chancery, in order to prevent a double suit. *Rathbone vs. Warren*, 10 *John. Rep.* 597. *King vs. Baldwin*, 17 *John. Rep.* 384. Whatever reasons might be urged against the Court of Chancery in England retaining the jurisdiction of the cause, for decreeing damages to the party injured by a breach of the agreement on the part of the defendant, on the ground that the assessing damages is the peculiar province of a Jury in a Court of Law, the same reasons do not exist in this State where Equity causes are tried by a Jury. What substantial reason can be offered why the parties in this case, after having litigated for years, been at the expense and trouble of procuring their testimony, should be sent to a Court of Law, to try the question of damages on the Law side of the Court, before the same Jury that would try it on the Equity side of the Court? Under our sys-

tem of Equity practice, there is much less reason for turning the parties out of Court, and sending them to a Court of Law, after the Court of Equity has once acquired jurisdiction of the cause, than there is in England, and in those States where the cause is decided by the Chancellor alone.    The motion to dismiss the bill at the hearing was properly overruled.

[4.]  The fourth ground of error is, that the Court erred in deciding that the judgment rendered in the County of Butts, in favor of Mays against Compton and the complainant, might be opened and impeached for usury.   In regard to this ground, we are with the plaintiff in error; that judgment was rendered just as the parties stipulated by their agreement it should be rendered.

The complainant was not prevented from filing his plea of usury by the fraud or act of the defendant, as the rule is stated in *Stroup vs. Sullivan & Black,* 2 *Kelly,* 275.   The complainant expressly stipulated to waive his right to file his plea of usury, by contract, for a consideration which was to accrue to him after the judgment should be rendered.   The complainant, on his part, stipulated that he would withdraw his plea of usury, and let the judgment be rendered in favor of the defendant against Compton and himself, for the consideration that the defendant agreed, on his part, not to collect it out of the complainant until he had exhausted the property of Compton.   This is the contract stated in the bill, and the one substantially proved upon the trial.

The complainant relied on *his agreement* with the defendant, and let the judgment be rendered, just as it was understood between the parties it should be rendered.   The defendant was to perform his part of the agreement after the rendition of the judgment, but he has failed to do it.   The breach of the agreement gives to the complainant the right to recover damages from the defendant to the extent of the injury sustained by such breach, but that is no reason why the judgment should be opened and scaled for usury in the note on which it was founded.

The bill does not make such a case as will authorize a Court of Equity to grant relief against a judgment at Law, according to the rule settled by this Court, in *Stroup vs. Sullivan & Black,* and other cases.   The case made by the complainant's bill, as it now stands, is that he made the agreement stated, with the defendant; that the defendant has failed to perform his part of it, whereby the complainant has been compelled to satisfy the exe-

cution with his own money, which he prays, by his supplemental bill, may be refunded to him, with interest, and the defendant decreed to execute his agreement.

Now, in order to do justice between these parties, according to the case made upon the record, we shall remand this cause, with the following instructions: It is considered and adjudged by the Court, that the judgment of the Court below be reversed, on the ground that there was error in deciding, that the judgment in the County of Butts could be inquired into and impeached for usury in the note upon which it was founded, and that a new trial be had in the cause.    It is also thé judgment of this Court, that the complainant is entitled, according to the case made by his bill, to have the money paid by him on the execution, in the pleadings mentioned, refunded, with interest, and that said execution be opened, to the extent of such payment, so as to enable the defendant to proceed to collect the same out of. Compton; provided the same can be collected out of him, and if not, then to be collected out of the complainant, according to the agreement in the record mentioned.