### BRADLEY *v.* LITHONIA & ARABIA MOUNTAIN RAILWAY Co. *et al.*

LUMPKIN, J. 1. A railroad company sought to condemn a right of way across certain land. An equitable petition was filed by the landowner, attacking the right of the company to do so. A temporary restraining order was granted, but was later modified by reciting that the

railroad was constructed across a certain strip before the restraining order was granted, and permitting the defendant to operate its trains and carry on its business pending the disposition of the case, on condition that the tracks should be removed if it should be determined that there was no right of condemnation. On the hearing an interlocutory injunction was granted, and the defendant was directed to remove its tracks. On exception, this judgment was affirmed (141 *Ga.* 740, 81 S. E. 1104). In the meantime another company was incorporated, and succeeded to the property and rights of the first. A question having been raised as to the power of the first company to condemn, the second instituted condemnation proceedings. An injunction to restrain this was denied, and the judgment was affirmed (141 *Ga.* 741, 82 S. E. 138). In the first case, the second company filed its petition praying to be made a party, to be allowed to continue to use the strip as a right of way until the determination of its proceeding to condemn, and for other relief. This petition was allowed, subject to demurrer and objection. Objection to the making of the second company a party and a demurrer to the pleading were filed and overruled. Exceptions pendente lite were filed. The judgment of this court was made the judgment of the trial court, and the injunction was so modified as to suspend the requirement of the removal of the track until the right of the second company to make the condemnation should be determined. The plaintiff excepted. *Held,* that the judgment as to which exceptions pendente lite were filed, even if it could otherwise have been excepted to as final, was, by filing such exceptions, treated as an interlocutory ruling, and thereafter would not furnish a basis for a direct exception before the final termination of the case. *Durrence* v. *Waters,* 140 *Ga.* 762 (79 S. E. 841).

2. The modification of the interlocutory injunction, above stated, was not such a final judgment as to furnish a basis for a direct bill of exceptions. Nor, under former rulings of this court, was such judgment the refusing of an injunction, so as to furnish a basis for direct exception. *Stubbs* v. *McConnell,* 119 *Ga.* 21 (45 S. E. 710), and cases cited.

3. It follows that the motion to dismiss the writ of error must be sustained.

*Writ of error dismissed. All the Justices concur, except Fish, C. J., absent.*
MARCH 9, 1915.

Intervention; from Fulton. Motion to dismiss.

*R. B. Blackburn,* for plaintiff.

*J. L. Key, McDaniel & Black,* and *E. A. Neely,* for defendants.