## WRIGHT, insurance commissioner, *v.* THOMPSON.

ATKINSON, J. An equitable suit by William A. Wright as insurance commissioner of Georgia was instituted against the Empire Life Insurance Company. Another equitable suit was instituted against the same company by James R. Brown and others. While both suits were pending in the superior court of Fulton County, they were consolidated. An interlocutory injunction was granted, whereby all creditors of the insurance company were enjoined from prosecuting suits against the company in any other court of the State. At the time the injunction was granted, a suit was pending in the superior court of Wheeler County against the company upon a death claim under a policy issued by the company. On account of the injunction, the plaintiff in the suit on the policy filed an intervention in the consolidated equity case above mentioned, seeking a judgment for the amount of the death claim and payment from the funds of the company which were to be administered in the court of equity. Thereafter the intervenor filed a formal motion to dismiss the intervention and to be allowed to prosecute the suit in the superior court of Wheeler County. The insurance commissioner resisted the motion in so far as it was attempted thereby to obtain authority to prosecute the suit in Wheeler County. In his written objections to the grant of the motion to dismiss, it was contended, among other things, that the effect of granting authority to prosecute the suit in Wheeler County would be to modify the interlocutory injunction theretofore granted in the main consolidated case, and for various reasons would be unauthorized. On the hearing the judge passed an order

granting the intervenor leave to dismiss the intervention and to proceed with the trial of the case against the company in Wheeler County. The order further provided: "but the effect of such dismissal and the effect thereof upon the rights of petitioner to participate in funds or property of the Empire Life Insurance Company under orders and decrees in the main case, heretofore granted or to be granted, are reserved for future order or decree of the court." To this order the insurance commissioner sued out a fast bill of exceptions under the Civil Code, § 6153. *Held,* that the effect of the order granted by the judge was to modify the interlocutory injunction theretofore granted, to which decision a fast writ of error will not lie. *Stubbs* v. *McConnell,* 119 *Ga.* 21 (45 S. E. 710); *Berry* v. *Parker,* 130 *Ga.* 741 (61 S. E. 541); *Young* v. *Harris,* 146 *Ga.* 338 (91 S. E. 39). Accordingly the writ of error must be dismissed. *Burkhalter* v. *Roach,* 145 *Ga.* 834 (4) (90 S. E. 52).            *Writ of error dismissed. All the Justices concur.*

No. 336. December 15, 1917. Rehearing denied January 18, 1918.

Intervention; from Fulton superior court.

*Robert C. & Philip H. Alston,* for plaintiff in error.

*Brewster, Howell & Heyman,* contra.