LEARY *et al. v.* FIRST NATIONAL BANK OF SHELLMAN;
*et vice versa.*

Nos. 9337, 9338. JUNE 14, 1933.

*George H. Perry,* for plaintiffs. *Olin Hammock,* for defendant.

RUSSELL, C. J. At the conclusion of a hearing upon an application for an interlocutory injunction to restrain the sale of certain described land under a power of sale contained in a deed to secure a debt, the court passed the following order: "It is ordered, adjudged, and decreed by the court that the restraining order heretofore granted in this case be continued and held in full force and

effect until October 3, 1932, at which time the plaintiffs shall pay to the defendant the sum of $442.38 in full settlement of their indebtedness to the defendant. Should the defendant fail to accept said sum, then this order to continue of force; otherwise the same is dissolved." The petitioners in the equitable proceeding in the court below, who were seeking to restrain the bank from exercising the power of sale, complain of this judgment by the main bill of exceptions; and the defendant bank assigns error upon the same judgment by cross-bill of exceptions. It is therefore clear that both parties in this case are dissatisfied.

It is a well-settled principle that where a controlling question in the case is presented by a cross-bill of exceptions, this will be first adjudicated; for it may obviate the necessity of any ruling as to the merits of the main bill. The first specific assignment of error addressed to the order which we have quoted, contained in the cross-bill of exceptions, is that "The said provisional restraining order is not such order refusing or granting an injunction from which writ of error will lie." The second assignment of error alleges that "No valid tender is shown by the evidence set out in the main bill of exceptions, such as would give a right to a restraining order or injunction provisional or otherwise." The third assignment of error avers that "The provisional restraining order of Sept. 17th, 1932, expired under its terms and provisions on the 3rd day of October, 1932, and there was therefore no order in force to be continued or superseded as set forth in the writ of error."

The first assignment of error set out in the cross-bill of exceptions raises the question whether the writ of error is not prematurely brought. There is no motion to dismiss the writ based upon that ground. However, if this cause has been brought to this court in advance of any final judgment in the trial court, the Supreme Court is without jurisdiction, unless the court made such a ruling adverse to the losing party as would have effected a final disposition of the case in complainant's favor had the court upheld the contention of the losing party. Civil Code (1910), § 6138. As the hearing was interlocutory, the court was not empowered to enter a decree in the case fixing the exact ultimate liability—if there be any liability—of those indebted to the bank. *Hopkins* v. *Vance,* 153 *Ga.* 754 (113 S. E. 157); *Burns* v. *Hale,* 162 *Ga.* 336 (133 S. E. 857); *Pig'n Whistle Sandwich Shops* v. *Keith,* 167 *Ga.* 735 (4)

(146 S. E. 455). As will be observed, the order or judgment of the court to which both parties have taken exception is provisional in more than one respect. The court had previously granted a temporary restraining order, with rule nisi requiring the opposite party to show cause why an interlocutory injunction should not be granted. The order under review continues this restraining order in force until October 3, 1932, when the order by its terms is subject to two contingencies. (1) Whether "the plaintiffs shall pay to the defendant the sum of $442.38 in full settlement of their indebtedness to the defendant." (2) They may not pay this sum to the defendant. A third provision of the order is as to the contingency if the plaintiff offers the $442.38 to the bank, the order stating that "Should the defendant fail to accept said sum, then this order to continue of full force; otherwise the same is dissolved."

We are of the opinion that the judge of the superior court, under the provisions of the uniform procedure act (Civil Code of 1910, § 5407 et seq.), clothed with the full jurisdiction of a court of equity, did not exceed his powers in the passage of the judgment to which exception is taken. But after all, the judgment can only be construed as an interlocutory judgment. Either party could except pendente lite; but it is apparent that the cause is still only in limine in the lower court. Consequently the Supreme Court can acquire no jurisdiction until there has been a conclusion of the litigation and a final judgment of some sort in the superior court. A consideration of the first assignment of error in the cross-bill of exceptions disclosing that this court has no jurisdiction of the main bill, the writ of error must be dismissed; and in the circumstances, the main bill of exceptions having fallen, the cross-bill likewise falls.

*Writs of error dismissed. All the Justices concur.*