## JOHNSON v. TROUP COUNTY RURAL ELECTRIFICATION CORPORATION.

JENKINS, Justice. While a fast bill of exceptions will lie, under the Code, § 6-903, "in all cases granting or refusing applications for injunction," an order dissolving, vacating, or modifying a temporary restraining order "is not reviewable by a 'fast' writ of error. . . As such an order is not a final adjudication of the case, a writ of error sued out to review the same is premature and must be dismissed." *Stubbs* v. *McConnell*, 119 *Ga.* 21 (45 S. E. 710); *Bradfield* v. *Abercrombie*, 151 *Ga.* 401 (107 S. E. 45); *Wright* v. *Thompson*, 147 *Ga.* 500 (94 S. E. 767); *Edwards* v. *Davis*, 173 *Ga.* 813 (161 S. E. 607); *Williamson* v. *Allen*, 169 *Ga.* 537 (150 S. E. 907); *Bradley* v. *Lithonia & Arabia Mountain R. Co.*, 143 *Ga.* 274 (2) (84 S. E. 590); *James* v. *Wilkerson*, 164 *Ga.* 149 (138 S. E. 71). These rules are applicable even though the order of dissolution or modification at the interlocutory hearing is "passed after submission of evidence." *Wofford Oil Co.* v. *Nashville*, 177 *Ga.* 460 (170 S. E. 369). They are especially applicable where, as in this case, the petition seeks not only an injunction but damages for a previous destruction of property, and the question of damages remains undetermined. Accordingly, as is urged by the defendant in error, this court is without jurisdiction to entertain the instant writ of error either as a fast or ordinary bill of exceptions, where the judge, after granting a rule nisi and temporary order restraining the defendant from "removing, destroying, cutting, and sawing any trees, vines, or other growths" from the described land of the plaintiff, or from "trespassing on said property, or from erecting any poles or electrical lines or other electrical apparatus upon said property," entered a subsequent order at the hearing on the rule nisi, merely providing that "the above-entitled cause coming on to be heard and after consideration of evidence submitted therein, it is ordered that the temporary restraining order heretofore granted plaintiff be and the same is hereby dissolved; provided, however, that said prior order is hereby continued in force so far as the cutting of trees on plaintiff's lands is concerned," and where the plaintiff, within the twenty days provided by the Code, § 6-903, tendered a fast bill of exceptions to such last order.

*Writ of error dismissed. All the Justices concur.*

No. 11773. JUNE 18, 1937.

528

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*Wyatt & Morgan,* for plaintiff.    *J. R. Terrell Jr.,* for defendant.