31639. WILLIAMS, administrator, *v.* BRANNEN *et al.,* executors.

774

DECIDED OCTOBER 9, 1947.

*Oliver, Oliver & Davis, W. C. Hodges,* for plaintiffs in error.
*Fraser & Underwood;* contra.

GARDNER, J. ▪ For a plea of res judicata to prevail it must be an action, first, between the same parties, and second, it must involve the same subject-matter. We think this is the controlling question for us to determine. It is not seriously contended by

distinguished counsel for the plaintiff that the subject-matter is not the same in the equitable proceedings as in the quantum meruit proceedings. But it is contended most earnestly and with much persuasive presentation that, since the equitable suit was not against the executors of the estate, and the quantum meruit proceedings are against the executors of the estate, the parties are not the same. The executors in the instant case are but the representatives of the estate. In the equitable suit the estate was represented by a receiver appointed by a judge of the superior court at the instance of the plaintiff. At the time the superior court took jurisdiction of the equitable cause, there was some sort of representation of the estate on whom service could be had. Had there not been, the superior court would have had no jurisdiction to appoint a receiver. This is elementary. When the receiver was appointed he then became the representative of the estate just as effectually and for the time being to all intents and purposes the representative of the estate as executors could have been. When a court of equity takes jurisdiction and has all the parties before it, it has the power and authority to do full and complete justice as between the parties as to both equitable and legal rights. *Mays* v. *Taylor,* 7 *Ga.* 238. It will be noted from the equitable petition and the answer thereto, that there were three issues made by the pleadings and agreement of counsel. First, that they should determine which of the wills should be probated. Second, whether or not there was a partnership and if so, find upon accounting the amount due the plaintiff. And third, whether the plaintiff was employed as a waitress only and if so, whether she had been fully paid for her services. On these issues the jury found in favor of the defendants. Code, § 110-501 provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." It will be noted that in the prayers of the equitable petition the plaintiff specifically prays: "That all rights of Ferris F. Brannen Jr., and Mrs. W. M. Bush as heirs at law of Ferris F. Brannen, deceased, and legatees under said pretended will be adjudicated in this equitable proceeding." Of course this included the beneficiary under the second will, as

well as all mentioned in the first will. In the answer, the defendants, after having answered each of the allegations of the equitable petition, pleaded: "Further in answering, defendants say that petitioner has no rights whatever against said estate, that she was only employed as a waitress by the said Ferris F. Brannen until shortly before his death, for which services she has been fully paid." We think the effect of the verdict, under the pleadings, was to find that Mrs. Margie Ellzey was only employed as a waitress at Knotty Knoll Tourist Camp by the deceased, Ferris F. Brannen, and that she had been fully paid.

■ Construing Code, § 110-501 as to whether the parties in the equitable suit and the parties in the instant suit were the same, in our opinion the equitable petition under the pleadings and under the prayers was a suit against the estate of Ferris F. Brannen then being represented by a receiver. This being true, we know of no reason why, if it had been necessary for the plaintiff in that action to declare upon a quantum meruit basis, she could not have, by appropriate pleadings, brought that issue into question just as effectively against the estate in the equitable proceedings as is sought now to be brought under a quantum meruit action against the estate through the executors. It appears that the estate was being sued in both instances. In one, with a receiver representing the estate, and in the other, the executors representing the estate. This was only a change in the personnel of the representatives of the estate and their title or name, it occurs to us, would make no difference. We think the situation here is analogous to the removal or death, or change in any other way, of the personnel of the representative of an estate. It will be noted that in the equitable petition one basis for asking that a receiver be appointed was to avoid a multiplicity of suits. One of the prayers of the plaintiff in the equitable petition was to this effect: "That a dissolution of said partnership and an accounting be had in this honorable court between your petitioner and such representative of the estate of Ferris F. Brannen, deceased, or his heirs at law, as may be decreed by this court to have the right to receive the interest of Ferris F. Brannen, deceased, in such accounting and in such partnership business." This excerpt from the prayers and the other excerpt to the effect that all rights of the legatees be adjudicated in this equitable action preclude any other

suit regarding the same subject-matter, since, as we have observed, it is against the same parties, that is, a representative of the estate.

The court did not err in finding in favor of the plea of res judicata.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*