STORY *et al. v.* CITY OF MACON.

DUCKWORTH, Presiding Justice. The only relief prayed for was that the City of Macon be enjoined from paving Piedmont Avenue. The exception is to the judgment denying an interlocutory injunction, and error is assigned upon the judgment sustaining ground 2 of the supplemental demurrer to the petition as amended and striking the amendment, which assailed the provisions of the city charter relating to the paving upon constitutional grounds. Exceptions pendente lite to this ruling on demurrer were duly certified and filed before the present writ of error was signed. Applications for supersedeas were denied by the trial court and the Supreme Court, and the motion to dismiss the writ of error asserts that Piedmont Avenue has been completely paved, and this assertion of the motion is not denied by the plaintiffs in error, but in the argument of their counsel, opposing the motion to dismiss, it is contended that the case is not moot because of amendments offered and allowed in the trial court while the case has been pending in the Supreme Court, thus in effect admitting that the paving has been completed. *Held:*

1. Since it is shown that the very act sought to be enjoined has now been completed, it is obvious that a reversal of the judgment refusing to enjoin that act would be futile, and therefore the questions become moot and the motion to dismiss the writ of error must be sustained. *Brockett v. Maxwell,* 200 *Ga.* 38 (35 S. E. 2d, 906).

2. Whether or not the ruling on demurrer is for the same reason moot we need not here decide, since the settled rule is that, when exceptions pendente lite are filed in the trial court, the ruling therein complained of is reviewable only in a bill of exceptions to a final judgment in the

case. *Durrence* v. *Waters*, 140 *Ga.* 762 (79 S. E. 841); *Bradley* v. *Lithonia &c. Mountain Railway Co.*, 143 *Ga.* 274 (84 S. E. 590); *Newton* v. *Roberts*, 163 *Ga.* 135 (135 S. E. 505); *Gilbert* v. *Tippens*, 183 *Ga.* 497 (188 S. E. 699); *Rabhan* v. *Rabhan*, 185 *Ga.* 355 (195 S. E. 193). The dismissal of the present·writ of error will not prejudice the right of the plaintiffs in error to obtain a review, in a bill of exceptions to the final judgment when rendered in the case, of the question raised by the exceptions pendente lite.

(*a*) While it was shown in the argument of counsel opposing the motion to dismiss that the petition has been amended in the trial court since the present writ of error reached this court, whereby it is sought to obtain a judgment decreeing that the assessments for the paving are void and to enjoin the city from issuing fi. fas. thereon, and this fact may enable the petitioners to successfully prosecute the main case to final judgment, it in no wise relates to the one question presented here and does not operate to prevent that question from becoming moot for the reason stated in headnote 1 above.

*Writ of error dismissed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16019. NOVEMBER 14, 1947.

*Frank G. Wilson,* for plaintiffs.
*Ellsworth Hall Jr.* and *E. W. Maynard,* for defendant.