BAILEY *v.* BELL.

WYATT, Justice. Mrs. Myrtice Bell filed her petition in equity against Mrs. Fannie Mae Bailey and J. W. Simmons in his official capacity as Clerk of the Superior Court of Fulton County. It was alleged in substance: that Mrs. Bell and Mrs. Bailey were sisters and owned a one-half undivided interest each in a described tract of land, formerly the property of their mother; that on August 25, 1950, Mrs. Bell agreed to sell her interest in the property to Mrs. Bailey in accordance with the terms of a written contract, copy of which was attached to the petition; that in September, 1950, Mrs. Bailey filed suit in Fulton Superior Court against Mrs. Bell, seeking specific performance of the contract; that, on the trial of that case, the following verdict and judgment was rendered: "The within case having come on to be tried and a jury having found in favor of the defendant with a recommendation against specific performance of the contract involved. It is hereby ordered and decreed that judgment be rendered for the defendant and that specific performance of the contract be denied." It was further alleged: that, in the meantime, Mrs. Bailey, who was in possession of the property, has sold timber from the property for cash in excess of $30,000; that she has disposed of most of this money; that the petitioner has demanded an accounting for rents and profits, all of which has been refused; that there was placed on deposit by Mrs. Bailey with J. W. Simmons, as clerk, $8325 during the pendency of the suit for specific performance; that "Mrs. Bailey is not able financially to pay petitioner her one-half of the proceeds." By amendment, a partition of the property is sought. The prayers of the petition are: that Mrs. Bailey be enjoined from disposing of and encumbering her one-half interest in the property; that she be enjoined from selling any further timber from the property and from changing the status of the property; that J. W. Simmons be enjoined from paying out the fund in his hands; that an accounting be had for rents and profits and for the timber sold; that the defendant be enjoined from changing the bank account in which the proceeds from the sale have been deposited; that the defendant be enjoined from encumbering and disposing of any part of her estate; that the plaintiff have judgment against the defendant for whatever amount is found to be due her; that receivers be appointed; and that the plaintiff have general relief. A temporary restraining order was granted, and at the interlocutory hearing the restraining order was modified in certain particulars, and a general demurrer was overruled. The exception here is to that judgment. *Held:*

1. In so far as the exception to that portion of the judgment of the trial court modifying the restraining order previously granted is concerned, the exception is premature and can not be considered. See *Wright* v. *Thompson*, 147 *Ga.* 500 (94 S. E. 767); *Berry* v. *Parker*, 130 *Ga.* 741 (61 S. E. 541); *College Park Cemetery* v. *Cottongim*, 185 *Ga.* 741 (196 S. E. 409).

2. The remaining question for consideration is whether or not it was error to overrule the general demurrer to the petition. Equity has jurisdiction over accounting between tenants in common. Code, § 37-301. "Equity has concurrent jurisdiction with courts of law, over matters of account between tenants in common, and when asserted, a court of chancery will hold and exercise it for the purpose of settling all the equities between the tenants, growing out of the tenancy in common." *Andrews* v. *Murphy*, 12 *Ga.* 431. See also *Huff* v. *McDonald*, 22 *Ga.* 131. "Where a number of cotenants are in possession of all of the common property and are collecting the rents and profits thereof, an equitable action for partition and accounting by those not in possession of the property is a proper remedy." *Chambers* v. *Schall*, 209 *Ga.* 18 (70 S. E. 2d, 463), and cases there cited. It is insisted that these rules of law do not apply in the instant case for the reason the petition shows that the petitioner had contracted to sell her one-half interest in the property to the defendant for a stated sum according to the terms of a contract attached as an exhibit to the petition. That might be true except for the fact that the petition further shows that a court of equity has adjudicated this contract unenforceable in a court of equity because of inadequacy of consideration. True it is that the petition shows that specific performance of the contract was denied by a court of equity on the ground of inadequacy of consideration. This does not mean that the contract is necessarily void. However, the instant suit is in a court of equity, and the equity court must give effect to its former judgment concerning the contract. Since it is all too well established to require citation of authority that, when the parties are properly in a court of equity, that court will give effect to all the rights of the parties, both legal and equitable, it follows that whatever rights may exist under the terms of the contract can be adjudicated in this proceeding, and there was no error in the judgment overruling the general demurrer.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18082. SUBMITTED JANUARY 13, 1953—DECIDED FEBRUARY 24, 1953.

*S. B. Wallace* and *W. E. Watkins*, for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey* and *Christopher Futral*, contra.