19202. PARKER & COMPANY et al. v. VILLAGE OF NORTH ATLANTA et al.

WYATT, Presiding Justice. Parker & Company and C. H. Wolf brought this petition in equity against certain named persons, who are designated as the Mayor and Council of the Village of North Atlanta, the Village of North Atlanta, and certain other named persons, who are designated as the joint North Atlanta-DeKalb County Planning Commission, and the director thereof, seeking to enjoin the defendants from rezoning property belonging to said petitioners so as to prohibit the use of the property for

business purposes. The petitioners alleged that they were the owners of described property in the Village of North Atlanta, that the property was now zoned for business or commercial use, that the defendants were taking steps to rezone said property for residential use only, and that said action was illegal for stated reasons. The defendants filed general demurrers to the petition, and their answer and cross-bill. The cross-bill sought to enjoin the plaintiffs from using their property for business or commercial purposes. The plaintiffs demurred generally to the cross-bill. Upon the hearing on the demurrers, the general demurrer to the plaintiffs' petition was sustained and the petition was dismissed. The plaintiffs' demurrer to the cross-bill was overruled and a temporary restraining order against the plaintiffs was continued in effect. The plaintiffs excepted and assign as error the judgment sustaining the general demurrer to the petition, the judgment overruling their general demurrer to the cross-bill, and the judgment continuing in effect the temporary restraining order. *Held:*

1. The defendants in error in their brief state, and in their oral argument before this court, stated that the zoning measures which the plaintiffs in error sought to enjoin have been adopted and the property in question has been zoned for two-family residence use only. The plaintiffs in error in a supplemental brief filed at the direction of this court admit these facts to be true. It therefore appears that the portion of the writ of error seeking to have this court review the ruling sustaining the general demurrer to the petition, which sought to enjoin certain acts by the defendants having for their purpose the zoning and rezoning of the property of the plaintiffs, which has now been completed, is now moot, and will not be considered by this court.

2. The plaintiffs in error also complain because the judge of the court below continued in effect a temporary restraining order which had been previously granted. A judgment continuing in effect a temporary restraining order is not a final judgment which can be reviewed by this court. See *Leary* v. *First National Bank of Shellman,* 177 *Ga.* 179 (170 S. E. 84). The language of the judge of the court below continuing in effect the restraining order which he had previously granted had no effect upon the previous order, but simply stated that it was still in effect. It would have continued in effect whether or not he had included this language in his order, since there had been no hearing on the grant of a temporary injunction or any evidence introduced on this question, and a restraining order, by its terms, continues in effect until dissolved or until a hearing on the temporary injunction is had.

3. Since it has been held above that the questions with reference to the sustaining of the general demurrer to the petition are moot, and since the questions with reference to the continuing in effect of the restraining order against the plaintiffs are premature, there is nothing presented by the writ of error in this case for decision by this court. The writ of error is accordingly

*Dismissed. All the Justices concur.*

Argued January 11, 1956—Decided February 13, 1956.

*George P. Dillard, Davis & Stringer, Thomas O. Davis, W. Dan Greer,* for plaintiff in error.

*William F. Lozier, Poole, Pearce & Hall,* contra.