20405. STINCHCOMB *v.* BARTLETT *et al.*

Argued March 10, 1959—Decided April 9, 1959.

*Frank R. Lea, William L. Gower,* for plaintiff in error.

*John R. McCannon,* contra.

Almand, Justice. John R. Stinchcomb filed his petition against W. I. Bartlett, Chief Inspector of Clayton County, and three named persons individually and as County Commissioners of Clayton County. He sought a judgment declaring an act of the General Assembly to be unconstitutional and to enjoin the defendants from interfering with him in the conduct of his business as a plumbing contractor. A general demurrer to the petition was sustained, and error is assigned on this judgment.

The plaintiff in his petition alleged that, on October 12, 1958, he made application to the defendant Bartlett for the issuance of a permit for the installation of plumbing fixtures on the premises of Donald R. Reeves, and tendered to Bartlett $8 in accordance with the plumbing code adopted by the defendant commissioners;

and that he was advised that the permit would not be issued to him because he had not taken an examination before the Board of Plumbing Examiners and received a license as provided in the plumbing code. It was alleged that the plumbing code was adopted pursuant to the act of 1958 (Ga. L. 1958, p. 3092). This act was attacked as being void and violative of certain specified provisions of the Constitution; and therefore the plaintiff alleged that the plumbing code, which provided for the examination and licensing of plumbers, was void, and that the defendants should be enjoined from interfering with his business as a plumber.

The defendants in error have filed a motion to dismiss, duly verified, which discloses that the plaintiff in error on August 28, 1958, made written application to the Board of Plumbing Examiners to take an examination and receive a license for work in Clayton County; and that he was examined, found qualified and issued a certificate and license as a plumbing contractor in Clayton County on January 9, 1959. There being no denial of the facts stated in the motion, they are taken to be true.

The sole controversy in this case is whether the defendants had the lawful right to require the plaintiff to pass an examination and receive a license from the plumbing board before he could pursue his occupation as a plumbing contractor. It appearing that the plaintiff has voluntarily taken the examination and received a license, the controversy between the parties has been settled, and the issues raised by the pleadings are now moot; and the writ of error must be dismissed. *Parker & Co.* v. *Village of North Atlanta*, 212 *Ga.* 177 (91 S. E. 2d 355) ; *Story* v. *City of Macon*, 203 *Ga.* 105 (1) (45 S. E. 2d 196) ; Eliason *v.* Wilborn, 335 Ill. 352 (167 N. E. 101) ; United Fuel Gas Co. *v.* Railroad Commission, 278 U.S. 300 (49 S.Ct. 150, 73 L.Ed. 390).

*Writ of error dismissed. All the Justices concur.*