20554. GAY, Sheriff *v.* LEWIS *et al.,* Commissioners, *et al.*

ARGUED JULY 14, 1959—DECIDED SEPTEMBER 11, 1959.

*Nelson & Nelson, Price, Spivey & Carlton,* for plaintiff in error.
*H. Dale Thompson, Williams & Smith,* contra.

WYATT, Presiding Justice. 1. The first question with which we are confronted in this case is whether or not it is within the jurisdiction of this court as provided in the Constitution of Georgia, Art. VI, Sec. II, Par. IV (Code, Ann., § 2-3704). This case was brought to this court upon two theories. First, it is stated in the bill of exceptions that this is an equity case. There is no merit in this contention. No affirmative equitable relief is sought in either the petition or answer, but only a money judgment, and no case for an equitable accounting is made out.

*Rucker* v. *Stark,* 209 *Ga.* 496 (74 S. E. 2d 74), is a case similar in all material respects to the instant case. There it was held that the case was not an equitable one, and this court transferred it to the Court of Appeals. That case is absolutely controlling in the instant case.

2. As the second reason for bringing the writ of error to this court, it is stated that the demurrers of the plaintiff in error presented a constitutional question within the jurisdiction of this court. While it is true that the demurrers do attack as unconstitutional for various reasons three acts of the General Assembly, to wit, Ga. L. 1912, pp. 194-198; Ga. L. 1941, p. 645, and Ga. L. 1951, pp. 3151-3152, no attack is made upon Ga. L. 1900, pp. 117-130 establishing the City Court of Dublin. The 1900 act, supra, which is not attacked, provided that the funds arising from fines and forfeitures in the City Court of Dublin should be prorated to the payment of the fees due the sheriff, the clerk, and the solicitor of said court. The act of 1912, supra, provided that the fees which were allowed the clerk and the solicitor should be paid into the general fund of the county. The 1941 act, supra, and the 1951 act, supra, provided that, in the event the fines and forfeitures were not sufficient to pay all costs due the sheriff, the clerk, and the solicitor, then the payments should be proroated to each as the total amounts collected bear to the amounts due each officer, the amount being due the solicitor to be paid into the general fund.

In the instant case, the sheriff seeks to recover the entire amount due him without any amount being prorated to the clerk and the solicitor. It therefore appears that a decision on the constitutionality of either or all of the acts attacked in this case can in no way affect the amount of money due the sheriff or the outcome of this case in any way. They are totally irrelevant to the cause of action which the petition undertakes to set out and to the answer and demurrers filed by the sheriff, because, even if they were declared unconstitutional, the funds arising from fines and forfeitures would then be prorated under the 1900 act, supra, and the amount of money due the sheriff would be the same under the 1900 act, supra, as under the subsequent acts attacked as unconstitutional. The sheriff is in no

position to attack these subsequent acts since they in no way affect him.

In *Brockett* v. *Maxwell*, 200 *Ga.* 213 (4) (36 S. E. 2d 638), Justice Candler, speaking for the court, said: "A constitutional question which bears no reasonable relation to the case in hand could not be considered as determining jurisdiction. The question must at least be so related to the particular case that a decision thereon will be necessary unless it shall become unnecessary because of rulings on other questions raised." See also *Florida State Hospital* v. *Durham Iron Co.*, 192 *Ga.* 459 (15 S. E. 2d 509). In the instant case, a decision on the constitutional question can never become necessary because such decision could not affect the rights of the party attempting to raise such question. In *Wade* v. *Hopper*, 209 *Ga.* 802 (76 S. E. 2d 403), a question identical to that in the instant case was presented. It was there held that no constitutional question was presented because the constitutional attack was upon acts of the General Assembly which did not affect the rights of the party raising the question of the constitutionality of the acts in question. The case was transferred to the Court of Appeals. It therefore follows, under the rulings above made and the cases cited, no constitutional question is presented in the instant case.

3. Since, as ruled above, the instant case is not an equity case and presents no constitutional question, and since no other question appears which will give this court jurisdiction, the Court of Appeals and not this court has jurisdiction of this case, and it must be

*Transferred to the Court of Appeals. All the Justices concur.*