SUBMITTED SEPTEMBER 11, 1961—DECIDED OCTOBER 5, 1961.

Paul Crane, *pro se*.
*Eugene Cook, Attorney-General, Earl L. Hickman, Assistant Attorney-General*, contra.

### 21347. GAY v. CROCKETT, Judge, *et al.*

*Carl K. Nelson, Nelson & Nelson,* for plaintiff in error.

*Adams & McDonald, Zack D. Cravey, Jr., H. Dale Thompson,* contra.

GRICE, Justice. This is another suit in the litigation over costs, fines and forefeitures pertaining to the Sheriff of the City of Dublin. The controversy was previously here in *Gay v. Laurens County,* 213 Ga. 518 (100 SE2d 271) and *Gay v. Lewis,* 215 Ga. 317 (109 SE2d 646).

The case now before us arose when a rule was brought, on April 8, 1961, by the incumbent Judge of the City Court of Dublin against Carlus D. Gay, a former sheriff. The rule recited that Gay, as sheriff, had collected $73,549.25 in costs, fines and forfeitures from the June term, 1958, to December 31, 1960; that he was unlawfully withholding these funds from the Clerk of the City Court of Dublin, thereby preventing their distribution by the judge as provided by law. The rule also recited prior demand and the running of 20% interest therefrom, and ordered that the money be paid into court or cause be shown on May 1, 1961, why the former sheriff should not be dealt with as provided by law, under penalty of the rule being made absolute.

The respondent filed general and special demurrers making several attacks upon the rule, including the constitutionality of two amendments to the law under which the rule was brought (Ga. L. 1900, p. 117, as amended by Ga. L. 1941, p. 645, and Ga. L. 1951, p. 3151). He also filed an answer denying that he was unlawfully withholding any public monies.

In addition, and of particular significance as we view the case, the respondent filed a plea in abatement.

This plea recited that the only persons or parties interested in the costs, fines and forfeitures of the City Court of Dublin were Laurens County, the Board of Commissioners of the Peace Officers' Annuity & Benefit Fund of Georgia, the Board of Commissioners of the Superior Court Clerks' Retirement Fund of Georgia, and the respondent; that at the time of the filing of this rule all of those persons or parties were, and still were, prose-

cuting an action involving said costs, fines and forfeiture funds in the Superior Court of Laurens County; and that said action was between the same parties. The plea alleged further that the superior court case was undisposed of, that the respondent had filed therein his answer and a cross-action asserting his claim against all costs, fines and forfeitures in the City Court of Dublin and all other courts of that county during his tenure of office and specifically against the same fund here involved, and praying for an equitable accounting as to all such funds.

The plea recited further " . . . that under and by virtue of the aforesaid pleadings . . . all issues of fact and all questions of law involved [in this rule proceeding] are involved or will be involved in the [pending superior court suit]; and . . . can and will be settled, determined and adjudicated [there]; . . . that the superior court . . . has jurisdiction to do complete justice and to give full relief to all parties in reference to the subject matter of the suit; and to adjudicate all claims therein; . . . the pending equity suit in Laurens Superior Court will prevent a multiplicity of suits . . ." The plea incorporated as exhibits all of the pleadings of the pending superior court suit.

The trial judge overruled all of the demurrers, struck the answer except for one feature not material here, and found against the plea in abatement. Error is assigned upon all three of these rulings but only the one relating to the plea requires consideration here.

1. The pleadings in the pending suit in the Superior Court of Laurens County, when compared with the allegations of the instant rule, require the abatement prayed for. They show upon their face that all issues of fact and all questions of law involved in the present rule proceeding over the costs, fines and forfeitures from the June term, 1958, to December 31, 1960, in the City Court of Dublin are involved in the pending superior court suit. Also, in addition to setting up his claim to the monies involved here, the former sheriff is asserting in that suit his claim to other costs, fines and forfeitures, thereby creating issues of fact and questions of law and involving persons and parties far beyond the scope of this rule proceeding.

This situation requires only the application of well known principles of law.

(a) As to the pending superior court case: "Equity seeks always to do complete justice, and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit . . ." (*Code* § 37-105).; and equity, having first acquired jurisdiction, will retain it to the exclusion of all other courts, and for all other purposes. *Mays v. Taylor*, 7 Ga. 238 (3); *Pope v. Solomons*, 36 Ga. 541 (2); *Bailey v. Bell*, 209 Ga. 566 (2) (74 SE2d 881); *Ammons v. Central of Ga. Ry. Co.*, 215 Ga. 758 (7) (113 SE2d 438).

(b) As to the instant City Court of Dublin case: "No suitor may prosecute two actions in the courts at the same time, for the same cause, and against the same party . . . and the pendency of the former shall be a good defense to the latter, if commenced at different times" (*Code* § 3-601); and ". . . the pendency of a former suit for the same cause of action between the same parties, in the same or any other court that has jurisdiction, shall be a good cause of abatement . . ." (*Code* § 3-607).

Therefore, without ruling upon the other assignments of error, we hold that the plea in abatement should have been sustained.

*Judgment reversed. All the Justices concur.*