UNITED GLASS COMPANY *v.* McCONNELL, sheriff.

1. Inasmuch as this court has no jurisdiction of a case as long as the same is pending in the court below, unless the judgment excepted to, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the case, it is manifest that it has no jurisdiction of a writ of error when the bill of exceptions merely

complains of the overruling of a demurrer to a sheriff's answer to a money rule, and there has been no final judgment on the rule.

2. When in a given case it should have been obvious that the writ of error was premature, this court will refuse an application to allow the bill of exceptions to be withdrawn and filed in the court below as exceptions pendente lite.

Argued March 16, — Decided April 11, 1900.

Motion to dismiss writ of error.

*Henry Walker,* for plaintiff.   *W. S. McHenry,* for defendant.

COBB, J. 1. When this case was called in this court a motion was made to dismiss the writ of error, on the ground that it was premature, as it appeared from the record that the case was still pending in the court below. An examination of the record discloses that a rule against a sheriff was issued, to which he filed an answer. To this answer the movant in the application for the rule demurred, and the demurrer was overruled, and this is the judgment excepted to. It does not appear that there has been any final judgment against the sheriff. On the contrary it would seem that there has not been, as the order overruling the demurrer recites that a traverse to the answer had been filed, and there is nothing disclosing what disposition has been made of this traverse. Counsel for plaintiff in error was duly notified of the motion to dismiss, and did not suggest a diminution of the record, but resisted the motion upon the ground that the case was properly here, even conceding the facts to be as contended by the defendant in error. Under this state of facts it is clear that the writ of error was prematurely sued out. This court has no jurisdiction of a case as long as it is pending in the court below, unless the judgment excepted to, if it had been rendered as claimed by the plaintiff in error, would have resulted in a final disposition of the case. Civil Code, § 5526. If the demurrer to the sheriff's answer had been sustained, this would not have been a final disposition of the case. In order to finally dispose of the same it would have been necessary that a judgment on the rule should have been entered up. Until this was done the case would still have been pending notwithstanding the answer had been stricken. That the striking of an answer or a plea made by a defendant in a case or a respondent in a rule does not finally dispose of the case is too clear to admit of doubt.

2. During the argument of the case a request was made that, in the event this court should come to the conclusion that the writ of error was premature, leave might be granted to the plaintiff in error to withdraw his bill of exceptions and file the same in the court below as exceptions pendente lite. Such applications are addressed to the discretion of this court. Where the question as to whether the writ of error is premature is close and doubtful, this has been allowed. In other cases, where some satisfactory reason was given for pursuing the wrong course, this privilege has also been allowed. But in a case like the present, where it should have been manifest to the plaintiff in error that the writ of error was premature, and where no excuse whatever is given for pursuing such a course, this court will not allow the withdrawal of the bill of exceptions in order that it may be filed in the court below as exceptions pendente lite.

*Writ of error dismissed. All the Justices concurring.*