BURKHALTER *v.* ROACH.

PER CURIAM. 1. As to writs of error other than what are known as "fast writs," the statute declares that "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below; unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto." Civil Code (1910), § 6138.

2. Where the only error assigned in the bill of exceptions is on the refusal of the court to allow a certain amendment to the plaintiff's petition in a case still pending in the court below, the writ of error is prematurely sued out, and will be dismissed on motion. *Canuet* v. *Seaboard Air-Line Ry.*, 128 *Ga.* 41 (57 S. E. 92). None of the decisions cited by counsel for plaintiff in error, in which certain judgments are held to be final in such sense that they can be brought to this court for review by direct bill of exceptions, hold that the mere refusal to allow an amendment to the petition is a final judgment.

3. A suit was filed in the superior court. The defendant demurred to the petition. The demurrer was overruled, and defendant filed a bill of exceptions pendente lite to that ruling. After verdict for the defendant, the plaintiff made a motion for a new trial, which was overruled, and the plaintiff excepted. The defendant sued out a cross-bill of exceptions, assigning error on the overruling of the demurrer to the petition. The judgment of the trial court was reversed on both bills of exceptions. Before the remittitur had been made the judgment of the trial court, the plaintiff offered an amendment to his petition, seeking to cure the defect therein. Objection was made to the allowance of such amendment. The objection was sustained, and the amendment disallowed. The plaintiff excepted and assigned error on such ruling. It does not appear whether or not the court made the remittitur from the Supreme Court the judgment of the trial court and dismissed the case; nor was exception taken to any such ruling. In this court the defendant in error moved to dismiss the writ of error which had been sued out by the plaintiff in the court below, excepting to the refusal to allow his amendment, on the grounds that it did not appear from the bill of exceptions that any final judgment or decree had been rendered in said case, and that there was no exception to or assignment of error in a final decree or judgment in the case. *Held,* that the writ of error must be dismissed. *Prater* v. *Crawford,* 143 *Ga.* 709 (85 S. E. 829), and cases cited. *Harms* v. *Mayor &c. of Savannah,* 145 *Ga.* 728.

4. In the brief of counsel for the plaintiff in error a request was made that, if it should be held that the case was prematurely brought, this court would grant an order permitting the plaintiff in error to enter the official copy of the bill of exceptions, retained in the court below, as exceptions pendente lite in the case. In the brief it was urged, as a reason for granting this request, that the question was at least a doubtful one. *Held,* that the request must be denied. The question

is neither an open one nor a doubtful one, that a refusal to grant an amendment to a petition is not a final judgment in the case; and in *United Glass Co.* v. *McConnell,* 110 *Ga.* 616 (36 S. E. 58), it was held that "When in a given case it should have been obvious that the writ of error was premature, this court will refuse an application to allow the bill of exceptions to be withdrawn and filed in the court below as exceptions pendente lite." *Harvey* v. *Bowles,* 112 *Ga.* 421 (37 S. E. 364).     *Writ of error dismissed.   By five Justices, all concurring.*

SEPTEMBER 14, 1916.

Writ of error; from Evans.   Motion to dismiss.

*Way & Burkhalter,* for plaintiff.   *Hines & Jordan, J. P. Moore,* and *Anderson & Girardeau,* for defendant.

