### 9623.   HIGHTOWER *v.* THE STATE.

BLOODWORTH, J.  1. No cause can be carried to the Supreme Court or to the Court of Appeals upon a bill of exceptions so long as the case is pending in the court below, unless a final disposition of the cause, or a disposition final as to some material party thereto, would have been made if the court had rendered the decision or judgment which the plaintiff in error claims should have been rendered therein. Civil Code (1910), § 6138.

2. A plea in abatement, whether traversed or untraversed, can not be sustained without evidence to support it. *Wells* v. *State,* 118 *Ga.* 556 (9) (45 S. E. 443).

3. The sustaining of a demurrer to a plea in abatement and the overruling or the striking of the plea is not a final judgment in the case, and a direct bill of exceptions assigning error thereon can not be maintained. The decision which the plaintiff in error claims should have been rendered on this question would not have been a final disposition of the case. *Jackson* v. *State,* 76 *Ga.* 551 (4); *McElroy* v. *State,* 123 *Ga.* 546 (51 S. E. 596).

4. Under the foregoing rulings and the facts of this case, the bill of exceptions was prematurely brought.

> *Writ of error dismissed. Broyles, P. J.,* and *Harwell, J.,* concur.
>
> DECIDED MAY 1, 1918.

Writ of error; from city court of Dublin.

*J. S. Adams,* for plaintiff in error.   *S. P. New, solicitor,* contra.