*John R. L. Smith* and *Grady C. Harris,* for plaintiff in error.

*R. K. Hines,* contra.

---

## EMPIRE COTTON OIL COMPANY *v.* TAYLOR.

ATKINSON, J. " Although the bill of exceptions specifically assigns error upon rulings made during the progress of the case in the trial court, and recites the rendition of a final decree and specifies that decree as a part of the record to be transmitted, yet if it contains no assignment of error on the final decree, the writ of error must be dismissed. .The final decree must be excepted to, in order to obtain consideration of exceptions to rulings preceding it." *Winder Lumber Co.* v. *Washington Brick Co.,* 149 *Ga.* 215 (99 S. E. 863). Accordingly, where on the call of the case in this court the defendant in error moves to dismiss the bill of exceptions, on the ground that there is no assignment of error upon the final judgment rendered in the case, although it recites and shows that a final judgment was rendered, and where upon an inspection of the bill of exceptions it appears that the only exception is to the judgment of the court below sustaining a demurrer to an amendment in aid of the levy in the case, and exceptions pendente lite to such ruling were certified and ordered filed as a part of the record in the case, an assignment of error merely upon such ruling made during the progress of the trial is not an exception to the final judgment; and therefore, under the foregoing ruling, the motion to dismiss must be sustained.

*Writ of error dismissed. All the Justices concur.*

No. 2534.  FEBRUARY 17, 1922.

Writ of error; from Taliaferro.   Motion to dismiss.

*J. A. Mitchell,* for plaintiff in error.   *Alvin G. Golucke,* contra.