16568.　GILES *et al. v.* THE STATE.

BROYLES, C. J.　1. It is well settled by repeated and numerous decisions of the Supreme Court and this court that the striking of a defendant's plea is not a final judgment in the case, and that a direct bill of exceptions complaining of such a judgment only will not lie.　The striking of a plea of former jeopardy comes within this rule.

2. "Where in a given case it should have been obvious that the writ of error was premature, this court will refuse an application to allow the bill of exceptions to be withdrawn and filed in the court below as exceptions pendente lite."　*Harvey* v. *Bowles,* 112 *Ga.* 421 (37 S. E. 364); *Burkhalter* v. *Roach,* 145 *Ga.* 834 (4) (90 S. E. 52); *Brannon* v. *State,* 147 *Ga.* 499 (2) (94 S. E. 759).

　　　*Writ of error dismissed.　Luke and Bloodworth, JJ., concur.*

DECIDED JULY 16, 1925.

Indictment for disturbing school; from Thomas superior court—Judge Knight.　April 28, 1925.

*Humphreys & DeLoache, James L. Dowling,* for plaintiffs in error.

*C. E. Hay,* solicitor-general, *E. B. Askew,* contra.

---

15658.　ORR *et al.,* trustees, *v.* RILEY, by next friend.

JENKINS, P. J.　It appearing, from the remittitur and the opinion of the Supreme Court, that the judgment of this court rendered in this case (see *Orr* v. *Riley,* 33 *Ga. App.* 472, 127 S. E. 236) has been reversed, the former judgment of this court is vacated, and, in accordance with the ruling of the Supreme Court, the judgment of the court below is reversed because the court erred in overruling the demurrer to the petition.　*Orr* v. *Riley,* 160 *Ga.* 480 (128 S. E. 669).

　　　*Judgment reversed.　Stephens and Bell, JJ., concur.*

DECIDED JULY 20, 1925.

Complaint; from city court of Elberton—Judge Grogan.　May 10, 1924.

*Tutt & Brown,* for plaintiff in error.

*J. T. Sisk, Howard B. Payne,* contra.