## TODD v. WILLIFORD et al.

HINES, J. 1. "No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto." Civil Code, § 6138. An order dismissing certain paragraphs of a petition in equity is not such a final disposition of the cause as will entitle complainant to the writ of error. The proper remedy is by exception pendente lite. *Mayor of Brunswick* v. *Lamb*, 60 *Ga.* 342.

2. Where a plaintiff filed his petition for cancellation, and the defendant demurred generally, and specially to certain paragraphs of the petition, and the court sustained the demurrer to these paragraphs, but did not sustain the general demurrer, the judgment striking those paragraphs was not such a final disposition of the case as will entitle the plaintiff to sue out a writ of error to this court to review such judgment.

3. Leave is granted to the plaintiff in error to enter as exceptions pendente lite the official copy of the present bill of exceptions which the clerk of the trial court retained in his office. *Altanta National &c. Asso.* v. *Jones*, 111 *Ga.* 890 (36 S. E. 968).

> *Writ of error dismissed. All the Justices concur, except*

ATKINSON and GILBERT, JJ. Based upon *Burkhalter* v. *Roach*, 145 *Ga.* 834 (4) (90 S. E. 52), and *Brannon* v. *State*, 147 *Ga.* 499 (2) (94 S. E. 759), and because we have consistently adhered to the rulings there made, we dissent from the ruling made in the last headnote. We concur in the other rulings.

> No. 6316. MARCH 14, 1928.

Equitable petition. Before Judge Perryman. Warren superior court. October 5, 1927.

*E. P. & J. Cecil Davis* and *Joseph E. Pottle,* for plaintiff.

*J. P. Wilhoit* and *M. L. Felts,* for defendants.

Appeal and Error, 3 C. J. p. 484, n. 19; p. 488, n. 34; 4 C. J. p. 605, n. 65 New.