20419. DENMARK *v.* THE STATE.

BROYLES, C. J. 1. Under repeated rulings of the Supreme Court and of this court the striking of a plea of former jeopardy, filed by the accused in a criminal case, is not a final judgment within the meaning of section 6138 of the Civil Code of 1910, and a direct bill of exceptions assigning error upon the judgment striking the plea is prematurely brought and must be dismissed. *Vaughn* v. *State,* 38 *Ga. App.* 438 (144 S. E. 223), and cit. See also *English* v. *Rosenkrantz,* 150 *Ga.* 745 (105 S. E. 292), and cit.

2. "When in a given case it should have been obvious that the writ of error was premature, this court will refuse an application to allow the bill of exceptions to be withdrawn and filed in the court below as exceptions pendente lite." *United Glass Co.* v. *McConnell,* 110 *Ga.* 616 (36 S. E. 58); *Harvey* v. *Bowles,* 112 *Ga.* 421 (37 S. E. 364); *Burkhalter* v. *Roach,* 145 *Ga.* 834 (4) (90 S. E. 52).

3. Under the above-stated rulings and the facts of the instant case the writ of error must be and is

*Dismissed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 14, 1930.

*M. B. Eubanks, Porter & Mebane,* for plaintiff in error.

*M. Neil Andrews, solicitor-general, Barry Wright, E. S. Taylor, Wright & Covington,* contra.