### 22357. Heard v. The State.

Broyles, C. J. 1. "It is well settled by repeated and numerous decisions of the Supreme Court and this court that the striking of a defendant's plea is not a final judgment in the case, and that a direct bill of exceptions complaining of such a judgment only will not lie. The striking of a plea of former jeopardy comes within this rule." _Giles_ v. _State_, 34 _Ga. App._ 201 (129 S. E. 12); _English_ v. _Rosenkrantz_, 150 _Ga._ 745 (105 S. E. 292).

2. The bill of exceptions in the instant case recites that "the defendant, at the proper time, before arraignment and before pleading to the merits of the second indictment, filed a plea of autrefois acquit; when and whereupon the court overruled the plea, and ordered the trial to proceed. The defendant was tried and found guilty by the jury and sentenced to prison from one to three years." It does not appear from the bill of exceptions or the record that a motion for a new trial was made; and the only assignment of error in the bill of exceptions is upon the judgment overruling the plea of autrefois acquit. The bill of exceptions containing no exception to a final judgment, this court has no jurisdiction of the case.

_Writ of error dismissed. Luke, J., concurs. Bloodworth, J., absent on account of illness._

Decided June 15, 1932.

*Clarence R. McLanahan,* for plaintiff in error.
*A. S. Skelton, solicitor-general,* contra.