### 23108. BLACKWELL v. THE STATE.

MacINTYRE, J. 1. This court is without jurisdiction to entertain a bill of exceptions which fails to assign error upon a final judgment. Civil Code (1910), § 6138.

2. It is well settled that the striking of a defendant's plea is not a final judgment, and that a direct bill of exceptions complaining of such a judgment will not lie. The overruling or striking of a plea of autrefois acquit or autrefois convict comes within this rule. *Giles* v. *State*, 34 *Ga. App.* 201 (129 S. E. 12); *Heard* v. *State*, 45 *Ga. App.* 375 (164 S. E. 467); *English* v. *Rosenkrantz*, 150 *Ga.* 745.

3. While the defendant in error has made no motion to dismiss the bill of exceptions, it is nevertheless the duty of this court to raise the question of its jurisdiction, and, when its lack of jurisdiction appears, to dismiss the bill of exceptions. *Milner* v. *Sunbeam Heating Co.*, 44 *Ga. App.* 221 (2) (160 S. E. 822), and cit.

4. Under the foregoing rulings and the facts of the instant case, this court is without jurisdiction to entertain the bill of exceptions, and the writ of error must be and is

*Dismissed. Broyles, C. J., and Guerry, J., concur.*

DECIDED MAY 12, 1933.

*H. H. Anderson,* for plaintiff in error.
*John C. Mitchell, solicitor-general, R. Noel Steed,* contra.