### 23033.   JACKSON *v.* YANCEY TRACTOR COMPANY.

SUTTON, J.   1. A petition alleging that the defendant was indebted to the plaintiff in a certain sum on three promissory notes, copies of which were attached, the notes being signed by the defendant and containing an unconditional promise on his part to pay the plaintiff the sums stated therein, that demand for payment had been made and refused, and asking for a judgment for principal, interest, and attorney's fees, was not subject to general demurrer on the ground that it was not alleged that the notes sued on and attached to the petition were made, executed, or delivered by the defendant.

2. In a suit upon promissory notes which contain an unconditional and unequivocal promise to pay, but which also recite that they are given in accordance with the terms of a conditional-sale contract existing between the same parties, it is not necessary that a copy of the conditional-sale contract be attached to the petition, or that its contents be otherwise shown, where copies of the notes sued on are attached, and it does not appear from the face of the notes that the conditional-sale contract embodied any agreement varying or affecting the terms thereof. In the instant case, if there was anything in the conditional-sale contract of which the defendant desired to take advantage, he should have done so by proper plea, and not by demurrer to the petition. *Suddath* v. *Blanchard*, 39 *Ga. App.* 262 (146 S. E. 798), and cit.

3. The defendant filed a plea of puis darrein continuance, setting up that inasmuch as the plaintiff had, previous to the present action, filed a suit on the fourth note, being the last of a series of notes given to evidence the purchase-money of certain machinery, the subject-matter of the conditional sale between the parties, and obtained a judgment thereon against the defendant, it could not now maintain a suit on the other three notes and recover of the defendant, in that the contract of sale was an entire agreement, and separate suits could not be maintained upon the notes given pursuant thereto. The court overruled this plea and struck the same. To this judgment the defendant excepts in the present bill of exceptions. A judgment striking a plea is not a final judgment, and a bill of exceptions to such a judgment will not lie to this court, this court having no jurisdiction in the case so long as it is pend-

ing in the court below. *Milner* v. *Sunbeam Heating Co.*, 44 *Ga. App.* 221 (160 S. E. 822); *United Glass Co.* v. *McConnell*, 110 *Ga.* 616 (36 S. E. 58).

4. In the brief of counsel for the plaintiff in error a request was made that, if it should be determined that the case was prematurely brought in so far as the exception relates to the striking of his plea of puis darrein continuance, an order be granted by' this court, permitting the copy of the bill of exceptions on file in the clerk's office of the court below to be filed as exceptions pendente lite. This request must be denied. "The question is neither an open one nor a doubtful one" that an order striking a plea is not a final judgment. "When in a given case it should have been obvious that the writ of error was premature, this court will refuse an application to allow the bill of exceptions to be withdrawn and filed in the court below as exceptions pendente lite." *United Glass Co.* v. *McConnell*, supra; *Denmark* v. *State*, 41 *Ga. App.* 470 (153 S. E. 430), and cit. In *United Glass Co.* v. *McConnell*, supra, it was held "too clear to admit of doubt" that the striking of an answer or plea of the defendant does not finally dispose of the case, and that "in a case like the present, where it should have been manifest to the plaintiff in error that the writ of error was premature, and no excuse was given whatever for pursuing such a course, this court will not allow the withdrawal of the bill of exceptions in order that it may be filed in the court below as exceptions pendente lite." The judgment overruling the demurrers is affirmed. The judgment striking the defendant's plea not being final, the exception thereto can not be considered by this court.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 27, 1933.

*R. J. Bacon,* for plaintiff in error.
*Bennet & Peacock, Lewis A. Peacock,* contra.