JORDAN *v.* HARBER *et al.; et vice versa.*

622

*C. N. Davie, J. F. Kemp, Clint W. Hager, Frank T. Davie,* and *A. O. Randall,* for plaintiff.

*Pearce Matthews, E. C. Stark, Charles J. Thurmond,* and *Wheeler & Kenyon,* for defendants.

Russell, Chief Justice. This is the second appearance of this case before this court. *Jordan* v. *Harber,* 172 *Ga.* 139 (157 S. E. 652). After the case was remanded to the superior court, Hon. Isaac L. Oakes was appointed as auditor to hear and determine all issues of law and fact. Before this auditor had completed taking the testimony, he died. Upon his death James A. Branch Esq., of Atlanta was appointed auditor, but declined to serve. The case was then submitted to a jury on the record as made before Auditor Oakes, but resulted in a mistrial. The court then appointed Perry Bloodworth Esq., as auditor to hear and determine the issues upon the record and testimony taken before Auditor Oakes. He filed his report, finding in favor of the plaintiff on all the issues in the case. The defendant, W. Y. Harber, filed exceptions of law and fact to said auditor's report. In response the plaintiff filed a motion to strike all the grounds of exception filed by Harber. The judge took the matter under consideration and reserved his judgment until November 1, 1935, when he entered a judgment overruling the motion to strike the exceptions to the auditor's report.

The exception set forth in the main bill of exceptions is as follows: "To the judgment and decree of the court overruling plaintiff's grounds of motion to strike the exceptions filed by the defendant, W. Y. Harber, to the auditor's report, the plaintiff then and there excepted, and here and now excepts and assigns same as error, upon the ground that said ruling was and is contrary to law, and says that the court erred in overruling said motion of the plaintiff and in not sustaining it." This is the only exception or assignment of error contained in the bill of exceptions. It is therefore apparent that there is no assignment of error upon any final judgment in the case at bar. It is also ap-

parent from the record that there has in fact been no final judgment in the case. For the judge, in the interlocutory matter of ruling upon the motion to strike the exceptions which the defendant has filed, partially sustained two of the findings of the auditor, with direction that two issues (which the judge then held were issues of fact) would be submitted to a jury in the trial of the case. Doubtless there would have been a final judgment but for the fact that the trial was suspended so that the court might consider the motion to strike the defendant's exceptions, as we have just stated. In the absence of any final judgment, under the well-settled rule of this court no adjudication upon the part of this court is authorized by law. The writ of error was prematurely brought.

With these preliminary remarks we do not deem that any of the headnotes require further elaboration, except the fifth. Each of them states principles of law so well settled as to obviate any need of citation of authority to support them. As to the ruling in the fifth headnote, which relates to costs, it appears from the record that Harber was served personally with a copy of the bill of exceptions on November 19, 1935, and that the cross-bill of exceptions was presented and certified by the trial judge on December 17, 1935. Thus as matter of law the defendant knew, at the time he presented his cross-bill, that the main bill would be dismissed. By filing the cross-bill he unnecessarily increased the labors of this court and its officers, as well as the labor of opposite party and counsel.

*Writs of error dismissed. All the Justices concur.*