27329.  THURMOND *v.* THE STATE.

DECIDED JANUARY 16, 1939.

*Sydney H. Baynes,* for plaintiff in error.

*C. S. Baldwin Jr., solicitor-general,* contra.

GUERRY, J.  1.  "Until there has been a judgment finally disposing of the case in the trial court, the Supreme Court has no jurisdiction to pass upon an assignment of error complaining of the striking of a plea of former jeopardy, filed by the accused." *McElroy* v. *State,* 123 *Ga.* 546 (51 S. E. 596) ; *Johnson* v. *Battle,* 120 *Ga.* 649 (48 S. E. 128) ; *Johnson* v. *Merchants & Farmers Bank,* 141 *Ga.* 721 (81 S. E. 873) ; *Hightower* v. *State,* 22 *Ga. App.* 276 (95 S. E. 873) ; *Giles* v. *State,* 34 *Ga. App.* 201 (129 S. E. 12) ; *Vaughn* v. *State,* 38 *Ga. App.* 438 (144 S. E. 223) ; *Bazemore* v. *State,* 35 *Ga. App.* 570 (134 S. E. 335) ; *Denmark* v. *State,* 41 *Ga. App.* 470 (153 S. E. 430) ; *Blackwell* v. *State,* 46 *Ga. App.* 830 (169 S. E. 507).

2.  The assignment of error in the present case is upon the order overruling the plea of former jeopardy.  No exception to the final judgment is taken, and it does not appear from the record that the defendant was tried a second time.  "While the defendant in error has made no motion to dismiss the bill of exceptions, it is nevertheless the duty of this court to raise the question of its jurisdiction, and, when its lack of jurisdiction appears, to dismiss the bill of exceptions."  *Blackwell* v. *State,* supra.

3.  Under the foregoing rulings and the facts of this case, this court is without jurisdiction and the writ of error must be and is

Dismissed.  *Broyles, C. J., and MacIntyre, J., concur.*