### 27358. MOYERS *v.* THE STATE.

BROYLES, C. J. 1. "Under repeated rulings of the Supreme Court and of this court the striking of a plea of former jeopardy, filed by the accused in a criminal case, is not a final judgment within the meaning of section 6138 of the Civil Code of 1910 [Code of 1933, § 6-701], and a direct bill of exceptions assigning error upon the judgment striking the plea is prematurely brought and must be dismissed. *Vaughn* v. *State,* 38 *Ga. App.* 438 (144 S. E. 223), and cit. See also *English* v. *Rosenkrantz,* 150 *Ga.* 745 (105 S. E. 292), and cit." *Denmark* v. *State,* 41 *Ga. App.* 470 (153 S. E. 430); *Blackwell* v. *State,* 46 *Ga. App.* 830 (169 S. E. 507); *Hightower* v. *State,* 22 *Ga. App.* 276 (95 S. E. 873); *Giles* v. *State,* 34 *Ga. App.* 201 (129 S. E. 12); *Bazemore* v. *State,* 35 *Ga. App.* 570 (134 S. E. 335); *McElroy* v. *State,* 123 *Ga.* 546 (51 S. E. 596); *Thurmond* v. *State,* 59 *Ga. App.* 333 (200 S. E. 807).

2. In the bill of exceptions in the instant case the sole assignment of error is upon the judgment overruling the defendant's plea of former jeopardy, no exception having been taken to the final judgment. This court is without jurisdiction to entertain the bill of exceptions. *Blackwell* v. *State,* supra.

*Writ of error dismissed.* *MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 4, 1939.

*George G. Finch, Reuben A. Garland,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, James A. Branch,* contra.