## 27744. ROBINSON *v.* THE STATE.

DECIDED SEPTEMBER 22, 1939.

*Alton G. Liles, Joe Quillian,* for plaintiff in error.
*Frank Simpson, solicitor-general, C. E. Gregory Jr.,* contra.

MacIntyre, J. When the case was called for trial, and before pleading to the merits, the defendant filed a plea of former jeopardy. The solicitor-general traversed the plea, and a trial was had on that issue alone. The jury returned a verdict in favor of the State on that issue. The defendant filed a motion for new trial on the general grounds, and this motion was overruled. The record nowhere discloses a final judgment disposing of the case. The defendant brought the case to this court by direct bill of exceptions assigning error on the overruling of the motion for new trial, and seeks to have this court pass on the single question presented by an assignment of error in the judgment on the verdict against the plea of former jeopardy.

Until there has been a judgment finally disposing of the case in the trial court (no such judgment appearing in the instant case), this court has no jurisdiction to pass on an assignment of error complaining of the judgment overruling the plea of former jeopardy. Code, § 6-701; *Fennell* v. *State,* 46 *Ga. App.* 227 (167 S. E. 318); *Fugazzi* v. *Tomlinson,* 119 *Ga.* 622 (46 S. E. 831); *McElroy* v. *State,* 123 *Ga.* 546 (51 S. E. 596). See *Blackwell* v. *State,* 46 *Ga. App.* 830 (169 S. E. 507); *Thurmond* v. *State,* 59 *Ga. App.* 333 (200 S. E. 807); *Moyers* v. *State,* 59 *Ga. App.* 875 (2 S. E. 2d, 517); *Futch* v. *State,* 37 *Ga. App.* 151 (139 S. E. 110). It might be well to state that it appears in the record in *Fennell* v. *State,* supra, that the plea of former jeopardy was

traversed and went to the jury, and the judge directed a verdict against the plea. It was there held: "It not appearing from the bill of exceptions in this case that any final judgment has been rendered in the lower court, the Court of Appeals has no jurisdiction to pass upon an assignment of error complaining of the judgment of the trial court denying defendant's plea of former jeopardy." We think the proper method for bringing cases to this court on the single question of setting aside a verdict against a plea of former jeopardy is not a rule of practice so well settled and obvious (see *Williams* v. *State,* 8 *Ga. App.* 583, 584, 70 S. E. 47, in which the record discloses no final judgment) as to prevent us, in the exercise of a sound legal discretion and under the circumstances of this case, from directing that the plaintiff in error be allowed to take advantage of the exception he has already made, and to allow him to enter it on the minutes of the court below as an exception taken pendente lite; and we so do. *Warren* v. *Blevins,* 94 *Ga.* 215 (21 S. E. 459); *Williams* v. *State,* ante, 636.

*Writ of error dismissed, with direction. Guerry, J., concurs. Broyles, C. J., concurs in the judgment dismissing the writ of error.*