28160.   HICKS *v.* COMMUNITY LOAN & INVESTMENT COMPANY.

DECIDED JULY 31, 1940.

*N. T. Anderson Jr.,* for plaintiff.

*George F. Fielding,* for defendant.

PER CURIAM. The only assignments of error in the bill of exceptions are upon the exceptions pendente lite to the judgment sustaining the general demurrer and to the judgment excepted to pendente lite. There is no exception to any final judgment in the case, or to any ruling, order, decision, etc., resulting in the final termination thereof in the trial court. The assignment of error upon the judgment sustaining the general demurrer to the petition, which was also excepted to pendente lite, is an exception to a final judgment; but the bill of exceptions to this court was not sued out within the time provided by law for direct exception to that judgment. It is true that the bill of exceptions recites the final termination of the case, which resulted upon the dismissal by the attorney for the defendant of the answer and counter-claim, but there is no exception to or assignment of error in the bill of exceptions upon such final termination of the case in the trial

court. In *Southern Railway Co.* v. *Floyd County*, 37 *Ga. App* 689, 691 (141 S. E. 497), this court held: "A writ of error can not be predicated upon exceptions pendente lite alone. We think the general rule is applicable, that, 'In order to give this court jurisdiction of the case, the bill of exceptions must contain a general or a specific exception assigning error on the final judgment in the court below.' . . The fact that the record may disclose a final judgment in favor of the opposite party does not change the rule." See *Empire Cotton Oil Co.* v. *Taylor*, 152 *Ga.* 693 (111 S. E. 35); *Bearden* v. *Longino*, 181 *Ga.* 807 (184 S. E. 319); *Rabhan* v. *Rabhan*, 185 *Ga.* 355 (195 S. E. 193). Such a bill of exceptions must be dismissed. *Blackwell* v. *State*, 46 *Ga. App.* 830 (169 S. E. 507); *Ramsey* v. *Mingledorff*, 183 *Ga.* 701 (189 S. E. 521). It follows that the motion to dismiss the writ of error is well founded, and must be sustained.

*Writ of error dismissed. Stephens, P. J., and Sutton and Felton, JJ., concur.*