DAVIS v. THE STATE.

JENKINS, Justice. 1. While the defendant in error has made no motion to dismiss the writ of error, "it is not only the right but the duty of a reviewing . . court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." *Welborne* v. *State,* 114 *Ga.* 793, 796 (40 S. E. 857); *Milner* v. *Sunbeam Heating Co.,* 44 *Ga. App.* 221 (2) (160 S. E. 822), and cit.

2. The striking on motion of a plea of former jeopardy is not a final judgment within the meaning of the Code, § 6-701, from which a bill of exceptions assigning error thereon will lie. *McElroy* v. *State,* 123 *Ga.* 546 (51 S. E. 596); *Blackwell* v. *State,* 46 *Ga. App.* 830 (2) (169 S. E. 507), and cit.; *Heard* v. *State,* 45 *Ga. App.* 375 (164 S. E. 467).

3. Even though the bill of exceptions discloses that there has been a final conviction, and even though there is an assignment of error on exceptions pendente lite to the striking of a plea of former jeopardy, the writ of error must be dismissed in the absence of an assignment of error on the final judgment. *Rabhan* v. *Rahban,* 185 *Ga.* 355, 357 (195 S. E. 193), and cit.; *Thurmond* v. *State,* 59 *Ga. App.* 333 (2) (200 S. E. 807), and cit.   *Writ of error dismissed. All the Justices concur.*

No. 13463. FEBRUARY 12, 1941.

*Chalmers Chapman,* for plaintiff in error.

*Ellis G. Arnall,* attorney-general, *J. Cecil Davis,* solicitor-general, *C. E. Sutton, E. J. Clower* and *C. E. Gregory Jr.,* assistant attorneys-general, contra.