There being no assignment of error in the bill of exceptions on any final judgment of the court in this case, this court is without jurisdiction to entertain it, and the writ of error is hereby dismissed. Blackwell v. State, 46 Ga. App. 830
(169 S.E. 507); Moyers v. State, 59 Ga. App. 875 (2 S.E.2d 517); Hicks v. Community Loan c. Co., 62 Ga. App. 909
(10 S.E.2d 226); Empire Cotton-Oil Co. v. Taylor, 152 Ga. 693 (111 S.E. 35); Bearden v. Longino, 181 Ga. 807 (184 S.E. 319); Jordan v. Harber, 182 Ga. 621
(186 S.E. 670); Davis v. State, 191 Ga. 558
(13 S.E.2d, 351).
Writ of error dismissed. Stephens, P. J., and Felton, J.,concur.
 DECIDED SEPTEMBER 24, 1942.
 STATEMENT OF FACTS BY SUTTON, J.
It appears from the record in this case that Superior Shoe Company obtained a judgment against Mrs. Annie Eiseman in a justice's court in Candler County, Georgia, on December 5, 1941, for the principal sum of $128.05, and Slotin Company, on the same date and in the same court, obtained a judgment against Mrs. Eiseman for $133.53, and that executions were duly issued on said judgments on December 11, 1941.
S. H. Eiseman foreclosed a laborer's lien against Mrs. Annie Eiseman in the city court of Metter, on December 12, 1941, and *Page 34 
said lien execution was levied on a certain stock of goods of the defendant on December 12, 1941. A short order for the sale of the goods levied on was duly obtained, and the goods were sold under the execution at public sale, on December 27, 1941, to S. H. Eiseman for $675. On December 27, 1941, a rule nisi was issued by the judge of the city court of Metter, on the application of S. H. Eiseman, citing the above-named judgment creditors of Mrs. Annie Eiseman to show cause before him on December 29, 1941, why the fund derived from the sale of the stock of goods should not be credited on the laborer's lien execution, after the payment of the court costs and taxes. On December 27, 1941, Hugh R. Kimbrough, the attorney of record for Superior Shoe Company and Slotin Company in the two cases against Mrs. Eiseman, filed a counter-affidavit made by him for said two judgment creditors and for himself, contesting the validity and fairness of the claim of a laborer's lien by S. H. Eiseman, on the grounds that S. H. Eiseman was not such a laborer in connection with Mrs. Eiseman's business as would entitle him to a laborer's lien, and that the claim did not represent any bona fide indebtedness owing by Mrs. Eiseman to her husband, S. H. Eiseman.
At the hearing of the money rule Hugh R. Kimbrough, attorney of record for said two judgment creditors, appeared and submitted to the court an answer to the rule nisi, in which he objected to the court making any distribution of the fund in question, at that time, and without the intervention of a jury, for the reason that there were issues of fact involved as raised by his counter-affidavit. On motion of counsel for S. H. Eiseman, the court dismissed the counter-affidavit on the ground that the attorney for the judgment creditors was without authority to make it, and entered an order on the answer that it was not necessary to pass on it as it was not filed and the counter-affidavit had been dismissed. To the judgment dismissing the counter-affidavit error is assigned in the bill of exceptions as follows: "To which judgment plaintiffs in error then and there excepted, and now except and assign the same as error, and contrary to law;" and to the order entered on the answer error is assigned in the bill of exceptions as follows: "And to this judgment plaintiffs in error then and there excepted, and now except and assign *Page 35 
as error, as being contrary to law and the evidence." These were the only assignments of error in the bill of exceptions.