### MARTIN *v.* CHESTER.

ALMAND, Justice. H. E. Chester filed a petition against Mrs. Esther L. Martin, seeking an injunction against her trespassing upon and obstructing an alley between their respective properties, and damages. Mrs. Martin, by answer and cross-bill, sought to enjoin the plaintiff

from interfering with her use of said alley, and to recover damages. On the trial of the case, the jury returned a verdict in favor of the defendant, and a decree was entered perpetually enjoining the plaintiff from further use of the alley. The defendant filed exceptions pendente lite, reciting that she excepts "as error the form of the decree which the court did sign . . and avers that the decree of Exhibit A, attached hereto, should have been signed." Upon the signing of the decree, the plaintiff filed a motion for a new trial and was granted a supersedeas. Thereafter, on motion of the defendant, the motion for a new trial was dismissed. The defendant filed a bill of exceptions, in which she makes no assignment of error on the final decree, and the only error assigned is on the exceptions pendente lite to the form of the decree that was entered several months prior to the order dismissing the motion for a new trial. No contention is made that such ruling entered into or controlled the final decree. The defendant in error has moved to dismiss the writ of error. *Held*:

There being no assignment of error in the bill of exceptions on any final judgment in the case, this court is without jurisdiction to review the error alleged in the exceptions pendente lite. Code, § 6-701; *Empire Cotton Oil Co.* v. *Taylor*, 152 *Ga.* 693 (111 S. E. 35); *Neisler* v. *Mayor &c. of Reynolds*, 161 *Ga.* 690 (132 S. E. 62); *Bearden* v. *Longino*, 181 *Ga.* 807 (184 S. E. 319).

*Writ of error dismissed. All the Justices concur.*

No. 17369. FEBRUARY 13, 1951. REHEARING DENIED MARCH 14, 1951.

*Esther L. Martin*, in propria persona.
*Robert S. Dennis* and *A. W. White*, contra.