33279. LANKFORD *et al.* v. DOCKERY, executor, *et al.*

TOWNSEND, J. Code (Ann. Supp.) § 6-701 provides in part as follows: "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto." A statement by the trial court not itself a judgment, but merely an expression of a reason for a judgment, is not a judgment of the court on which error may be assigned. *Babb* v. *McKinnon,* 185 *Ga.* 663, 665 (196 S. E. 488). A writ of error must be dismissed by this court, when there is no assignment of error on a final judgment. *Davis* v. *State,* 191 *Ga.* 558 (13 S. E. 2d, 351); *Slotin & Company* v. *Eiseman,* 68 *Ga. App.* 33 (21 S. E. 2d, 923), and cases there cited. Accordingly where, as here, the bill of exceptions assigns error only on a letter written by the judge of the Superior Court of Coffee County to three named individuals designated only as Commissioners, which letter states that he is in receipt of a letter from them (also set out in the bill of exceptions) in regard to bids at an attempted sale pursuant to a decree in the case of *Holton et al.* v. *Lankford et al.,* and that in view of the fact that there was no sale because of noncompliance with the terms of the decree there is no action to be taken by the court; and where it does not appear that said letter was a judicial act, or was even entered of record in any judicial proceedings, it is not a final judgment on which error may be assigned. Ac-

cordingly, this court is without jurisdiction, and the writ of error must be

Dismissed. *MacIntyre, P. J., and Gardner, J., concur.*
DECIDED SEPTEMBER 27, 1951.

*W. C. Lankford,* for plaintiffs.

*R. A. Moore, George H. Mingledorff,* and *Memory & Memory,* for defendants.