## 34356. SMITH *v.* THE STATE.

GARDNER, P. J. Rufus Smith was indicted at the September term, 1951, of Franklin Superior Court for murder, to which he pleaded not guilty. The defendant was tried under said indictment and a verdict returned finding him guilty of voluntary manslaughter, and he was sentenced on September 27, 1951, to serve from 3 to 7 years. Thereafter, the defendant prepared his original motion for new trial, and on September 28, 1951, the solicitor-general acknowledged service thereof and the court issued a nisi order, dated September 29, 1951, although such order was actually signed by the judge on September 28, 1951. On said September 28, 1951, the court called counsel for the State and asked if there was any objection to his granting a new trial to Smith, and the solicitor replied that there was no objection on his part. The court then rendered this judgment: "Upon consideration of the within motion, it is ordered that the same be granted and a motion for a new trial is granted and ordered in this case. Bail granted $2,000. This September 28, 1951. Clark Edwards, Jr., Judge."

When this case was called for trial on September 25, 1952, during the September term, 1952, of said court, the defendant presented his special plea of former jeopardy, from which the foregoing facts appeared. The defendant alleged in his petition that the order granting said new trial was void for the reason that each of the grounds of the motion required that the court consider the evidence, and no brief of the evidence had been prepared and presented to the court. The defendant further alleged that said order is void because there was no valid motion for new trial in existence at the time the judge passed it. The defendant sets up that he was placed in jeopardy upon said indictment and the charge contained therein at the September term, 1951, of Franklin Superior Court, which court had jurisdiction of the defendant and of said offense, and he pleads said former jeopardy in bar of further prosecution on said indictment, and avers that, since the order granting the new trial was void, the original sentence imposed by the court is valid, and this defendant should not be called upon to do any further act in defense of himself under said indictment. In the judgment and sentence of the court it was provided that the same should not begin until the final disposition and determination of the motion for a new trial filed by the defendant, "it being expressly adjudged that this sentence shall not begin to run and be computed until said motion for a new trial is finally determined, as is provided by Code sec. 27-2505." Attached to the defendant's motion appears a copy of the original motion for a new trial made by the defendant, through his counsel, George L. Goode, and also the order of Judge Clark Edwards

ordering the State to show cause "on the _____ day of _____ 19_____, why the foregoing motion should not be granted."

Under date of September 29, 1951, there appears another order approving the grounds and extending the time for hearing the motion for new trial until November 24, 1951, and that the defendant have until the hearing to prepare and present a brief of the evidence. This order does not appear to have been signed by the judge. The original motion does not appear to have been marked filed. However, an acknowledgment of service by the solicitor-general of the circuit appears, dated September 28, 1951; and the order granting the defendant's motion for a new trial appears, also dated September 28, 1951.

The State demurred generally to the plea of former jeopardy of the defendant on the ground that the allegations therein contained do not constitute a valid plea of former jeopardy. On September 25, 1952, the trial judge sustained said demurrer and dismissed the plea of autrefois convict. To this judgment the defendant excepts and assigns same as error and contrary to law because the court was without authority to pass the order granting a new trial to this defendant in the absence of a brief of the evidence, and he contends such plea should have been sustained. *Held:*

This is an exception to the judgment of the trial court sustaining a demurrer to the plea of former jeopardy. No final judgment was rendered by the trial court. "This court is without jurisdiction to pass on an assignment of error in overruling a plea of former jeopardy, where it does not appear that a final judgment has been rendered in the trial court." *Williams* v. *State,* 60 *Ga. App.* 636 (4 S. E. 2d, 719.) "Under repeated rulings of the Supreme Court and of this court the striking of a plea of former jeopardy filed by the accused in a criminal case is not a final judgment within the meaning of section 6138 of the Civil Code of 1910 [Code of 1933, § 6-701], and a direct bill of exceptions . . is prematurely brought and must be dismissed." *Moyers* v. *State,* 59 *Ga. App.* 875 (2 S. E. 2d, 517), and citations.

In view of the foregoing rules of law, the writ of error is hereby

*Dismissed. Townsend and Carlisle, JJ., concur.*

DECIDED FEBRUARY 3, 1953—REHEARING DENIED MARCH 13, 1953.

*Carter Goode, George L. Goode,* for plaintiff in error.

*Carey Skelton, Solicitor-General, A. S. Skelton, Linton Johnson, Clete Johnson,* contra.

ON MOTION FOR REHEARING.

GARDNER, P. J. A motion for a rehearing is made in this case by the defendant in the trial court, Rufus Smith, based on the grounds that there had actually been a final disposition of this case in the Superior Court of Franklin County by the judgment sustaining the general demurrer to his plea of former jeopardy

and autrefois convict, and that this court, in dismissing the bill of exceptions assigning error on such judgment, erred in doing so on the stated ground that a judgment sustaining a general demurrer to such a plea is not a final disposition of the case in the trial court and not such a judgment as can be made the subject matter of a direct bill of exceptions to the appellate court having jurisdiction. It is true, as stated by the defendant in his motion for a rehearing, that our judgment dismissing the bill of exceptions is predicated on that part of Code § 6-701 which provides: "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto," which statute appeared in Irwin's Revised Code of Georgia (1867), sec. 4191. See *Ball & Co.* v. *Mayor &c. of Savannah, 9 Ga.* 286; *Hill* v. *Tift,* 37 *Ga.* 564. It is contended by the defendant that the Supreme Court has "in at least two instances . . recognized that a . . direct bill of exceptions will lie where the plea of autrefois convict has been filed and a demurrer sustained thereto and error assigned on an order overruling and denying such plea." The defendant cites *Holt* v. *State,* 38 *Ga.* 187, and *Blair* v. *State,* 81 *Ga.* 629 (7 S. E. 855) to sustain his contention thus made. In the *Holt* case, Holt was indicted for assault with intent to murder a named person, and thereafter made a demand for trial, and two terms having passed, at which proper juries to try the case were in attendance, the trial judge ordered the defendant "absolutely discharged and acquitted of the offense charged in the said indictment." Thereafter, another indictment was found, charging the defendant with the offense of aggravated riot, and alleged that the defendant and others "feloniously and maliciously, with a loaded pistol, struck and beat and shot at" the person named in the indictment for assault with intent to murder, "a pistol being . . an instrument likely to produce death," and upon arraignment the defendant pleaded autrefois acquit and also not guilty. The State demurred to the plea of former acquittal, which "the court sustained . . and overruled that plea, upon the ground that it

was no bar to said trial." The defendant "assigns as error the order overruling said plea of former acquittal." In *Blair* v. *State,* supra, the Supreme Court affirmed the judgment of the trial court in striking on demurrer the defendant Blair's plea of former conviction. It appears from the report of the case that the defendant excepted to the judgment dismissing and striking his plea. However, in neither of those cases was the question of the court's jurisdiction raised. They are but physical precedents and are not authority for the proposition urged by the defendant in his motion for rehearing. In *McElroy* v. *State,* 123 *Ga.* 546 (51 S. E. 596), the Supreme Court ruled: "Until there has been a judgment finally disposing of the case in the trial court, the Supreme Court has no jurisdiction to pass upon an assignment of error complaining of the striking of a plea of former jeopardy, filed by the accused," citing *Fugazzi* v. *Tomlinson,* 119 *Ga.* 622 (46 S. E. 831) and cit. In the *Fugazzi* case, the court held: "Until there has been in the trial court a judgment finally disposing of a case, this court is without jurisdiction to entertain a complaint that error was committed by the trial judge in striking, on demurrer, portions of the defendant's answer," citing several earlier Supreme Court decisions. See also *Johnson* v. *Merchants &c. Bank,* 141 *Ga.* 721 (81 S. E. 873); *Hightower* v. *State,* 22 *Ga. App.* 276 (95 S. E. 873); *Fennell* v. *State,* 46 *Ga. App.* 227 (167 S. E. 318); *Blackwell* v. *State,* 46 *Ga. App.* 830 (169 S. E. 507); *Futch* v. *State,* 37 *Ga. App.* 151 (139 S. E. 110); *W. & A. R.* v. *Williams,* 146 *Ga.* 27 (90 S. E. 478); *English* v. *Rosenkrantz,* 150 *Ga.* 745 (105 S. E. 292). In *Thurmond* v. *State,* 59 *Ga. App.* 333 (200 S. E. 807), wherein this court held that "The assignment of error being on an order overruling a plea of former jeopardy and there being no exception to a final judgment, this court is without jurisdiction," and the writ of error "must be dismissed," it was also ruled that, "While the defendant in error has made no motion to dismiss the bill of exceptions, it is nevertheless the duty of this court to raise the question of its jurisdiction, and, when its lack of jurisdiction appears, to dismiss the bill of exceptions." The court cited *Blackwell* v. *State,* supra. It appeared in the *Thurmond* case that "No exception to the final judgment is taken, and it does not appear from the record that the defendant was tried a second time."

After carefully considering the defendant's motion for a rehearing, and adding the foregoing to the opinion of this court in this case on rehearing, the motion for rehearing is denied. However, the defendant is allowed to file, in the court below, the official bill of exceptions to this court, as exceptions pendente lite.

*Motion for rehearing denied. Townsend and Carlisle, JJ., concur.*