## 34643. McNeal *v.* The State.

Townsend, J. 1. " 'Under repeated rulings of the Supreme Court and of this court, the striking of a plea of former jeopardy filed by the accused in a criminal case is not a final judgment within the meaning of . . . [Code of 1933, § 6-701], and a direct bill of exceptions assigning error upon the judgment striking the plea is prematurely brought and must be dismissed. *Vaughn* v. *State,* 38 *Ga. App.* 438 (144 S. E. 223), and cit. See also *English* v. *Rosenkrantz,* 150 *Ga.* 745 (105 S. E. 292) and cit.' *Denmark* v. *State,* 41 *Ga. App.* 470 (153 S. E. 430); *Blackwell* v. *State,* 46 *Ga. App.* 830 (169 S. E. 507); *Hightower* v. *State,* 22 *Ga. App.* 276 (95 S. E. 873); *Giles* v. *State,* 34 *Ga. App.* 201 (129 S. E. 12); *Bazemore* v. *State,* 35 *Ga. App.* 570 (134 S. E. 335); *McElroy* v. *State,* 123 *Ga.* 546 (51 S. E. 596); *Thurmond* v. *State,* 59 *Ga. App.* 333 (200 S. E. 807)." *Moyers* v. *State,* 59 *Ga. App.* 875 (1) (2 S. E. 2d 517); *Davis* v. *State,* 191 *Ga.* 558 (13 S. E. 2d 351); *Robinson* v. *State,* 60 *Ga. App.* 638 (4 S. E. 2d 721).

2. The motion of the defendant in error to dismiss the bill of exceptions here on the ground that the sole exception, based on the overruling of a plea of former jeopardy, is premature, is hereby sustained, since it does not appear that any final judgment has been entered in the case and there is no exception to such final judgment. However, direction is given that the bill of exceptions here be allowed to be entered on the minutes of the trial court as exceptions pendente lite. See *Williams* v. *State,* 60 *Ga. App.* 636 (4 S. E. 2d 719).

*Writ of error dismissed with direction. Gardner, P. J., and Carlisle, J., concur.*

Decided June 9, 1953.

*G. H. Mingledorff, Gibson & Maddox,* for plaintiff in error.
*J. R. Walker, Solicitor-General, R. A. Moore,* contra.