## 37536. VIRGINIA WELL & SUPPLY COMPANY *v.* LANDERS.

DECIDED APRIL 7, 1959.

*Eugene B. Brown, Walter B. Fincher,* for plaintiff in error.

*D. S. Strickland,* contra.

GARDNER, Presiding Judge. The Virginia Well & Supply Company (hereinafter called the plaintiff) filed suit in Douglas Superior Court against Herman F. Landers, alias H. F. Landers, (hereinafter called the defendant) seeking to recover a certain sum under a contract with the defendant whereby the plaintiff agreed to dig a well. The defendant answered, denying liability, setting up that the plaintiff had not complied with its contract, and by an amendment set out more in detail wherein the plaintiff had failed to comply with the agreement made. The plaintiff amended paragraph 16 of the original petition, striking certain allegations therefrom, which amendment was allowed without objections.

Thereafter, on September 16, 1958, the plaintiff sought to file an amendment to its original petition by striking the name Virginia Well & Supply Company and inserting in lieu thereof the name Virginia Supply & Well Company as being the corporate name of said plaintiff. This amendment was, as usual, allowed subject to demurrer and objection, and the defendant filed his written objections thereto and moved to dismiss it. The court ruled: "Upon motion of defendant to strike amendment upon grounds that amendment seeks to change name of and make a new party plaintiff is hereby sustained and amendment is hereby struck."

Thereafter, on September 22, 1958, the plaintiff filed a motion under the name of Virginia Supply & Well Company, in which it set up that on the date aforesaid it offered an amendment in which it sought to correct the record to indicate the correct corporate name of the plaintiff; that this amendment was allowed subject to objections and demurrer; that the defendant objected to such amendment and upon said objection and demurrer the court entered its order and judgment sustaining same and striking said amendment; that the plaintiff now comes and prays that said order was contrary to law, and seeks to have the trial court vacate and set it aside and allow said amendment. The court allowed this motion and issued a rule nisi. On November 10, 1958, after a hearing, the trial court denied such

motion of the plaintiff to vacate and set aside the former order striking said amendment. It is to this judgment that the plaintiff now excepts, assigning error in the name of the Virginia Well & Supply Company.

The case is therefore yet pending in the Superior Court of Douglas County, as Virginia Well & Supply Company against the defendant, Herman F. alias H. F. Landers, and no final judgment has as yet been rendered therein, or if rendered by the trial court, no such judgment is now excepted to, so that insofar as appears from the record now before this court, the action in the original corporate name of Virginia Well & Supply Company against Landers remains pending in that court undisposed of. Code (Ann.) § 6-701 states: "No cause shall be carried to the . . . Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto." An order and judgment of the trial court disallowing and striking an amendment to a petition leaves the case pending in the court below, and a writ of error assigning error thereon is premature and will not be considered by this court. Such order is not a final disposition of the case in the trial court.

"Where the only errors assigned in the bill of exceptions are the refusal of the court to allow certain amendments to the plaintiffs' petition in a case still pending in the court below, the writ of error is prematurely sued out, and this court is without jurisdiction to entertain the same. *Jackson* v. *Green*, 58 *Ga.* 460." *Canuet & Simmons* v. *Seaboard Air-Line Ry.*, 128 *Ga.* 41 (2) (57 S. E. 92). Where there is no final judgment excepted to in the bill of exceptions same will be dismissed. *Ramsey* v. *Mingledorff*, 183 *Ga.* 701 (189 S. E. 521); *Blackwell* v. *State*, 46 *Ga. App.* 830 (169 S. E. 507); *Hicks* v. *Community Loan &c. Co.*, 62 *Ga. App.* 909 (10 S. E. 2d 226); *Jordan* v. *Harber*, 182 *Ga.* 621 (186 S. E. 670).

The motion of the plaintiff in error to vacate the order and judgment of the trial court sustaining the objections of the defendant to the amendment of September 16, 1958, proffered

by the plaintiff to its petition, wherein it sought to change the corporate name under which the plaintiff filed the petition in the present case from Virginia Well & Supply Company to Virginia Supply & Well Company, which motion to vacate and set aside the trial judge denied, did not constitute a final disposition of the case in the trial court and the case, insofar as the record here shows, is yet therein pending as Virginia Well & Supply Co. v. Landers, and this bill of exceptions, not assigning error upon any final judgment must be dismissed as prematurely sued out.

There being no assignment of error in the bill of exceptions on any final judgment of the court in this case, this court is without jurisdiction to entertain it and the writ of error is hereby dismissed. *Slotin & Co.* v. *Eiseman,* 68 *Ga. App.* 33 (21 S. E. 2d 923).

*Writ of error dismissed. Townsend and Carlisle, JJ., concur.*