41360, 46389. DAVIS HOUSE, INC. v. JENNINGS; and vice versa.

FRANKUM, Judge. "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while

the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto." *Code Ann.* § 6-701. The only judgment excepted to in this case in the main bill of exceptions is a judgment of the Appellate Division of the Civil Court of Fulton County modifying a prior judgment of that court (that is, the appellate division) granting to the defendant in error, the plaintiff in a dispossessory warrant proceeding brought on account of the tenant's holding over and beyond its term, a new trial as to all issues. The judgment excepted to modified the prior judgment by granting a judgment for the plaintiff as to the issue of possession alone, leaving the issue as to rent to be tried under the original order granting the new trial. No exception is taken to the modified judgment itself. Plainly, the judgment excepted to is not a final disposition of the case, since it expressly remanded the case to the trial judge for a further hearing and decision on the issue as to the reasonable rental value of the premises in question (a jury trial having been waived) and for the making of an award in favor of the appellant for such amount of double rent as might be found to be due. The assignment of error merely contends that the judgment modifying the judgment granting a new trial was contrary to law, and, assuming that this assignment of error is sufficient to present a question for decision by this court as to the correctness of the judgment excepted to (see *Garland v. State of Ga.,* 101 Ga. App. 395, 397 (1), 114 SE2d 176), if all of the relief sought by the plaintiff in error be granted by this court by ordering the trial court to vacate or set aside the order complained of, the case would still be pending in the trial court on the original judgment of the appellate division granting a new trial as to all issues. Thus, there is no final judgment excepted to, and the writ of error must be dismissed. *Perdue v. Anderson,* 137 Ga. 512, 514 (73 SE 1050) ; *Flemister v. Alaculsey Lumber Co.,* 143 Ga. 416 (85 SE 342) ; *Prater v. Crawford,* 143 Ga. 709 (85 SE 829) ; *Leary v. First Nat. Bank of Shellman,* 177 Ga. 179 (170 SE 84) ; *Peerless Laundry Co. v. Abraham,* 193 Ga. 179 (17 SE2d 267) ; *Beard v. Beard,* 194 Ga. 560 (22 SE2d 39) ; *Quillian v. Golson,* 54 Ga. App. 409 (187 SE 892) ; *Johannesen v.*

*Whiddon,* 85 Ga. App. 252 (69 SE2d 118); *Virginia Well & Supply Co. v. Landers,* 99 Ga. App. 397 (2) (108 SE2d 756).

*Writs of error on main bill and cross bill dismissed. Bell, P. J., and Hall, J., concur.*

SUBMITTED JUNE 9, 1965—DECIDED SEPTEMBER 8, 1965.

*George Carroll,* for plaintiff in error.
*Walter A. Smith, William F. Lozier,* contra.